[Civ. No. 32231.   Second Dist., Div. Three.   Nov. 26, 1968.]

ERWIN BONDI, Plaintiff and Appellant, v. JEWELS BY EDWAR, LTD. et al., Defendants and Respondents.

Lippitt & Billet and Alan G. Buckner for Plaintiff and Appellant.

Morris D. Coppersmith and Frederick J. Glassman for Defendants and Respondents.

FRAMPTON, J. pro tem.*—

*Preliminary Statement*

Plaintiff filed his complaint herein on January 13, 1967. The named defendants, on January 26, 1967, filed a general and special demurrer to each cause of action of the complaint and a motion to strike. Upon hearing, the court sustained the general demurrer as to each of the three causes of action set forth in the complaint, with 10 days leave to amend. The

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

special demurrers and motion to strike were placed off calendar. On March 20, 1967, plaintiff having failed to amend his complaint, defendants moved for an order dismissing the action pursuant to subdivision 3 of section 581 of the Code of Civil Procedure. The motion was granted and the written order of dismissal was signed and filed the same day. The appeal is from the judgment (order dismissing the action).

Plaintiff's complaint sets forth three causes of action. The facts set forth in the first cause of action are in substance as follows: Defendant, Jewels by Edwar, Ltd., hereinafter Jewels, is a California corporation; defendants, Edward Kalpakian, hereinafter Edward, and Lucy Kalpakian, hereinafter Lucy, were officers and directors of Jewels and acted as agents of the corporation within the scope of the agency; Edward and Lucy dominated and controlled Jewels and its officers, as well as its business affairs and property; unity of interest and ownership exists between Edward, Lucy and Jewels; the individuality and separateness of said individuals and the corporation has ceased, and the corporation is a mere shell which said individuals have used and now use as a conduit of their personal business; Jewels was created and is being continued pursuant to a fraudulent plan conceived by Edward and Lucy whereby the income of the corporation is diverted to them; adherence to the fiction of the corporate entity would sanction a fraud against plaintiff. In October 1965, Edward asked plaintiff to close the latter's jewelsmith business and become a manager and jewelsmith for Jewels; after repeated requests and on or about January 3, 1966, plaintiff and defendant Edward, acting on behalf of his codefendants, entered into an oral agreement of employment under which defendants agreed to employ and to continue to employ plaintiff for so long as plaintiff should satisfactorily perform as manager of and jewelsmith for Jewels, and under which plaintiff agreed to close his manufacturing jewelsmith business upon entering the employ of defendants.

The complaint, in the first cause of action, alleged further, in substance, that under the terms of the agreement plaintiff was to receive $250 per week plus 2 percent of the yearly gross income of Jewels; that on or about January 10, 1966, pursuant to the oral agreement, plaintiff closed his manufacturing jewelsmith business and entered the employ of Jewels; thereafter plaintiff duly performed all of the conditions and obligations of the oral agreement on his part to be performed; he has at all times been and he is now ready and willing to

perform the contract and has offered to perform the same; on about February 1, 1966, defendants and each of them refused, and have since refused to allow plaintiff to perform his duties under the contract and have refused to pay plaintiff thereunder; but for the unlawful termination of plaintiff's employment by defendants, he could have and would have continued satisfactorily to perform his duties for a period of five years. Damages were claimed as a result of the wrongful breach of the oral agreement.

The second cause of action incorporates the first 14 paragraphs of the first cause of action, and alleges in substance that in October 1965, the defendants knew that plaintiff was engaged in business in the City of Beverly Hills as a manufacturing jewelsmith; on about January 3, 1966, Edward, acting on behalf of his codefendants, promised plaintiff that if he would close his business and enter the employ of Jewels, the defendants would employ and continue to employ plaintiff so long as he should satisfactorily perform the duties of manager of and jewelsmith for Jewels; at the time said promise was made the defendants did not intend to perform it; such promise was made by defendants with the intent on their part to induce plaintiff to close his business and thereby remove him as a competitor of defendants and to induce plaintiff to enter into and remain in their employ until such time as they should, at their will, elect to terminate such employment; plaintiff was ignorant of the defendants' intention not to perform their promise, and could not, by the exercise of reasonable diligence, have discovered their secret intent; in reliance on said promise, plaintiff was induced to, and did close his business and enter the employ of defendants; had plaintiff known the true facts, he would not have so acted; defendants failed to abide by their promise and on or about February 1, 1966, terminated plaintiff, and have refused to allow plaintiff to perform his duties and have refused to pay him under the agreement; plaintiff satisfactorily performed his duties under the contract of employment; but for the unlawful termination, plaintiff could have and would have continued to satisfactorily perform his duties under the contract; subsequent to February 1, 1966, plaintiff learned that the acts of the defendants hereinabove alleged were part of a fraudulent scheme devised by them and utilized on several occasions for the purpose of eliminating other jewelsmith businesses operating in competition with the corporate defendant. Actual dam-

ages, damages under section 972 of the Labor Code, and punitive damages were sought.

The third cause of action incorporates certain allegations of the first cause of action and paragraph 34 of the second cause of action, which relates to the alleged fraudulent scheme on the part of defendants used on several occasions to eliminate jewelsmith businesses operating in competition with the corporate defendant, and alleges that from September 1965 to January 1966, the defendants entered into a conspiracy to prevent the competition of plaintiff's jewelsmith business with that of the corporate defendant; the purpose of the conspiracy was to eliminate plaintiff as a competitor of the corporate defendant in the manufacture and sale of fine jewelry; plaintiff was eliminated as a competitor on or about January 10, 1966, when at the special instance and request of the defendants he closed his business to enter the employ of the corporate defendant; defendants' acts in entering into the oral contract of employment with plaintiff were in furtherance of their common scheme and plan to prevent competition of plaintiff's jewelsmith business with that of the corporate defendant in violation of section 16700 et seq. of the Business and Professions Code (the Cartwright Act). Treble damages were sought.

■ Upon demurrer, the material allegations of a pleading are assumed to be true. (39 Cal.Jur.2d, Pleading, § 155.)

■ The first cause of action pleads an oral contract of employment for so long as the plaintiff should satisfactorily perform his duties. ■ When one who has been employed for such time as his services are satisfactory is discharged, it is well settled that the employer must act in good faith, and where there is evidence tending to show that the discharge was due to reasons other than dissatisfaction with the services the question is one for the jury. (*Petermann* v. *International Brotherhood of Teamsters,* 174 Cal.App.2d 184, 189 [344 P.2d 25].) ■ The complaint alleges that the plaintiff satisfactorily performed all of the obligations under the contract on his part to be performed, and that the defendants wrongfully discharged him. This allegation raises a question of fact as to whether the discharge of the plaintiff was proper or improper, and such question may not be determined as a matter of law upon demurrer. Such an oral agreement is not subject to the defense of the statute of frauds as contained in section 1624, subdivision 1, of the Civil Code, (*Mangini* v. *Wolfschmidt, Ltd.,* 192 Cal.App.2d 64, 75-76 [13 Cal.Rptr. 503]; *Hollywood*

*Motion Picture Equipment Co.* v. *Furer*, 16 Cal.2d 184, 187 [105 P.2d 299].) The complaint as to the first cause of action was sufficient, and it was error to sustain the general demurrer thereto.

The trial court sustained the general demurrer to the second cause of action on the erroneous assumption that the contract pleaded in the first cause of action was terminable at the will of the defendants.[2] This cause of action is predicated upon a promise made without any intention of performing it. A complaint seeking to allege such a cause of action should contain facts showing the following essential elements: (1) A promise made regarding a material fact; (2) the absence of intent on the part of the defendant at the time the promise was made to perform it; (3) intent on the part of the defendant to induce action by plaintiff; (4) justifiable reliance on the promise by plaintiff; (5) nonperformance of the promise by the defendant, and (6) injury and damage proximately resulting to the plaintiff. (2 Chadbourn, Grossman and Van Alstyne, California Pleading, § 991.) Gauging the complaint as to the second cause of action by these standards, we are of the opinion that it is sufficient to state a cause of action sounding in fraud.

Section 16702 of the Business and Professions Code provides that "As used in this chapter 'person' or 'persons' includes corporations, firms, partnerships and associations existing under or authorized by the laws of this State or any other State, or any foreign country."

Section 16720 of the Business and Professions Code defines a trust as ". . . a combination of capital, skill or acts by two or more persons for any of the following purposes. . . ." The proscribed purposes are set forth in the section which generally prohibits combinations in restraint of trade.

Plaintiff's third cause of action, in summary, alleges that the defendant corporation entered into a combination or conspiracy with its officers and directors, who were at all times acting as the agents of the corporate defendant, to prevent the competition of the plaintiff's jewelsmith business with that of the corporate defendant. Plaintiff has cited no authority and we have been unable to find authority in this jurisdiction which would support the plaintiff's position that the combination or conspiracy alleged to have existed between the cor-

[2]The minutes of the trial court, in ruling upon the demurrer, contain the following remark: "How can plaintiff be injured, even if all elements of fraud are present, if defendant had the right to terminate him."

poration and its officers, acting as the agents of the corporate defendant, would constitute a combination in restraint of trade proscribed by the Cartwright Act. The courts of other jurisdictions having laws prohibiting combinations in restraint of trade, which laws contain language similar to that contained in section 16720 of the Business and Professions Code, have held that a combination means a concert of action by individuals or entities maintaining separate and independent interests. It is also held that an individual acting alone through his agent or a corporation acting alone through its officers is not a combination in restraint of trade proscribed by the statute. The rationale of these decisions is that the acts of the agents or employees in the operation of the business are the acts of the principal. (See *Udelavitz* v. *Idaho Junk House* (1928) 46 Idaho 441 [268 P. 15]; *Light Corrugated Box Corp.* v. *Southern Kraft Corp.* (N.Y. 1940) 20 N.Y.S.2d 66; *Blaustein* v. *Pan American Petroleum & Transport Co.* (N.Y. 1940) 174 Misc. 601 [21 N.Y.S.2d 651, 728], modified other grounds 263 App.Div. 97 [31 N.Y.S.2d 934], affirmed 293 N.Y. 281 [56 N.E.2d 705], motion denied 293 N.Y. 763 [57 N.E.2d 841]; *Padgitt* v. *Lone Star Gas Co.* (Tex. Civ.App. 1948) 213 S.W.2d 133, 136; *State* v. *Fairbanks-Morse & Co.* (Tex. Civ. App. 1951) 246 S.W.2d 647, 658-659.)

We are of the opinion that the language of section 16720 of the Business and Professions Code contemplates concert of action by separate individuals or entities maintaining separate and independent interests, and that the third cause of action in plaintiff's complaint charges only wrongful conduct on the part of a single entity acting through its officers and agents.

The judgment is reversed with directions to overrule the demurrer to the first and second causes of action and to allow the defendants a reasonable time in which to answer.

Ford, P. J., and Moss, J., concurred.