197 Cal.App.3d 972 (1988)
243 Cal. Rptr. 277
DONALD BURTON, Plaintiff and Appellant,
v.
SECURITY PACIFIC NATIONAL BANK, Defendant and Respondent.
Docket No. B023677.
Court of Appeals of California, Second District, Division Five.
January 19, 1988.
*975 COUNSEL
Lowell John Dosch for Plaintiff and Appellant.
Gibson, Dunn & Crutcher, Kenneth W. Anderson, Stephen J. Burns and Robert C. Leventhal for Defendant and Respondent.
OPINION
ASHBY, Acting P.J. 

STATEMENT OF CASE
Plaintiff and appellant Donald Burton (appellant) filed a complaint against defendant and respondent Security Pacific National Bank (respondent), a California banking corporation, alleging that respondent wrongfully discharged him from employment. Appellant alleged breach of oral contract, wrongful discharge, fraud, and negligent misrepresentation.[1] Respondent answered and thereafter the parties engaged in discovery. Respondent brought a motion for summary judgment or in the alternative a motion for summary adjudication of issues. The court granted respondent's motion and entered summary judgment in favor of respondent finding that appellant had not raised triable issues of material fact. On appeal, appellant maintains that he raised issues of material fact. We affirm the trial court's ruling.

STATEMENT OF FACTS
Appellant was hired by respondent for an indefinite period of time pursuant to an oral agreement as an account reconcilement clerk. He began working on May 9, 1981. Approximately 22 months later, he was given a written reprimand for excessive absenteeism. Appellant alleged that *976 respondent failed to give him oral warnings prior to the written reprimand as required by bank policy.
Chris Riggio, appellant's supervisor, stated that two days after the reprimand, Riggio observed appellant reading a confidential personnel book, containing sensitive materials about many employees, such as their salary and discipline history. This book was kept in a file cabinet in a restricted area. Riggio reported the incident to his supervisor, Paula Armendariz, who then informed Gerald Stephens, the unit manager. Later that afternoon, Riggio, Stephens, and Patricia McKinniss, assistant vice president-personnel officer, had a meeting to discuss the incident. McKinnis then accompanied Riggio to the area in question and examined the book and the file cabinet. That same evening, McKinnis and Stephens determined that appellant should be discharged. The next working day, Stephens told appellant that he was being discharged for his unauthorized entry into a restricted area and for reading confidential materials. Appellant then discussed the matter with an employee in respondent's personnel office. Appellant asserted that he was reading a nonconfidential time record book in a nonconfidential area. After discussing the matter, appellant was told that he could appeal the discharge decision to Lily Fong, respondent's vice-president of corporate employee relations. Ms. Fong listened to appellant's story, discussed the matter with other personnel from the bank, and denied appellant's appeal.
In appellant's complaint, he asserted that respondent concocted the story that appellant was in a restricted area reading confidential material as a pretext for firing him. He asserted that respondent thought appellant was going to file a grievance alleging that no oral warnings were given about his excessive absenteeism, and thereafter respondent created a false reason for his termination.

SUMMARY JUDGMENT
(1) Summary judgments look behind the pleadings to determine if the claims or defenses of a party are sham or without any evidence to support the claim. "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...." (Code Civ. Proc., § 437c, subd. (c).) In order to prevent the imposition of a summary judgment, the disputed facts must be "material," i.e., relate to a claim or defense in issue which could make a difference in the outcome. (Pettus v. Standard Cabinet Works (1967) 249 Cal. App.2d 64, 69 [57 Cal. Rptr. 207].) We recognize that summary judgment procedures are viewed as "drastic" (Stationers Corp. v. Dun & Bradstreet, Inc. (1965) 62 Cal.2d 412, 417 [42 Cal. Rptr. 449, 398 P.2d 785]; Sprecher v. Adamson *977 Companies (1981) 30 Cal.3d 358, 372 [178 Cal. Rptr. 783, 636 P.2d 1121]); however, the purpose of a summary judgment "is to expedite litigation by avoiding needless trials" (Barry v. Rodgers (1956) 141 Cal. App.2d 340, 342 [296 P.2d 898]). If there are no triable issues, summary judgment is appropriate. We find the court was correct in finding that appellant did not raise any material factual issues.

BREACH OF CONTRACT/WRONGFUL DISCHARGE
(2) An employee states a cause of action for breach of contract if the employee is terminated in contravention of an employment contract. Historically, an employee hired for an indefinite period of time, however, was terminable "at will" and had no legal recourse.[2] Recognizing present day economic realities and the reasonable expectations of the parties, recent courts developed legal theories which limit the employer's absolute right to terminate an "at-will employee." These theories include: (1) prohibiting an employer from breaching an implied covenant to terminate only for good cause (Pugh v. See's Candies, Inc. (1981) 116 Cal. App.3d 311 [171 Cal. Rptr. 917]; Shapiro v. Wells Fargo Realty Advisors (1984) 152 Cal. App.3d 467 [199 Cal. Rptr. 613]); and (2) prohibiting an employer from breaching an implied in fact covenant of good faith and fair dealing contained in contracts, including employment contracts (Cleary v. American Airlines, Inc. (1980) 111 Cal. App.3d 443 [168 Cal. Rptr. 722]).[3] The employee has the burden of proving that one of these legal exceptions to the "at-will" contract applies. (Pugh v. See's Candies, Inc., supra, 116 Cal. App.3d 311; Swaffield v. Universal Ecsco Corp. (1969) 271 Cal. App.2d 147 [76 Cal. Rptr. 680].)
The court in Pugh v. See's Candies, Inc., supra, 116 Cal. App.3d 311, held that the totality of circumstances should be examined to determine if a cause of action for breach of implied covenant to terminate only for good cause exists. One factor to be considered in this determination is personnel polices or practices of the employer. (Id. at p. 329.) (3a) While appellant does not argue that there was an implied covenant to terminate only for good cause, he contends that if an employer violates a personnel policy there is a breach of contract. Appellant bases this argument on the assertion *978 that respondent's personnel policy became part of his oral contract for employment. (4) Personnel policies can become part of the contractual guarantee if the parties mutually intended to create a contract that such rules are to be followed. [Walker v. Northern San Diego County Hospital Dist. (1982) 135 Cal. App.3d 896 [185 Cal. Rptr. 617]; Rulon-Miller v. International Business Machines Corp. (1984) 162 Cal. App.3d 241 [208 Cal. Rptr. 524].) (3b) For purposes of discussion, we assume that respondent's personnel policies became part of appellant's oral contract.
Appellant asserts that prior to respondent's giving him a written reprimand for excessive absenteeism, respondent's personnel policy required an oral reprimand and that when respondent failed to give an oral reprimand, respondent breached the employment contract. However, contrary to appellant's assertion, he has no cause of action for breach of contract because appellant was not deprived of his rights under the policies. Appellant was not terminated for excessive absenteeism and he has not shown a connection between the presence/absence of oral warnings as required by respondent's policies, and appellant's termination. Thus, even though the parties disagree as to whether the oral warnings were given, this factual dispute is not material to a cause of action for breach of contract.
(5a) Appellant also contends that he has a cause of action for "wrongful discharge," i.e., that respondent breached the implied covenant of good faith and fair dealing as discussed in Cleary v. American Airlines, Inc., supra, 111 Cal. App.3d 443. The thrust of appellant's argument is that the claim that he was in a confidential area, reading confidential materials, was untrue and used as a pretext to legitimate his termination. (See, e.g., Khanna v. Microdata Corp. (1985) 170 Cal. App.3d 250 [215 Cal. Rptr. 860].) He asserts that this factual dispute raised a material factual issue.
Appellant has not brought forth one fact to support his theory that respondent contrived a reason for his discharge. (Clutterham v. Coachmen Industries, Inc. (1985) 169 Cal. App.3d 1223, 1227 [215 Cal. Rptr. 795].) Appellant's assertion is based solely on conjecture and speculation. His only factual claim is that he told his supervisor and another employee named Delores that he was going to file a grievance because no oral reprimands for absenteeism were given. He offers no factual evidence, circumstantial or otherwise, that respondent or any supervisor fired appellant for this reason. Summary judgment was proper since there was no factual foundation for appellant's claim that the stated reason for discharge, being in the confidential area reading confidential materials, was a mere pretext for some other, impermissible reason. (Crosier v. United Parcel Service, Inc. (1983) 150 Cal. App.3d 1132, 1139 [198 Cal. Rptr. 361].)
Appellant's claim that he was not in fact in the confidential area reading confidential materials raises no issue of bad faith on the part of *979 respondent. (6) An implied covenant of good faith and fair dealing requires only that the employer act fairly and in good faith. (Koehrer v. Superior Court (1986) 181 Cal. App.3d 1155, 1169 [226 Cal. Rptr. 820].) To be entitled to a trial for breach of the implied covenant of good faith and fair dealing, appellant must bring forth facts to show that respondent acted in "bad faith" and without "probable cause." (Seaman's Direct Buying Service, Inc. v. Standard Oil Co. (1984) 36 Cal.3d 752, 769 [206 Cal. Rptr. 354, 686 P.2d 1158]; Rulon-Miller v. International Business Machines Corp. (1984) 162 Cal. App.3d 241, 253 [208 Cal. Rptr. 524].) (5b) Undisputed facts show that respondent investigated the charge that appellant was in the confidential area reading confidential materials. Appellant discussed the incident with at least two of respondent's employees, including the vice president of corporate employee relations. The assistant vice president personnel officer examined the area and documents in question; and there were at least three conversations among management personnel to discuss the allegations. Appellant presented no contrary evidence that respondent lacked probable cause to believe that appellant was in a confidential area reading confidential materials or that respondent lacked a good faith belief the charge was true.
Appellant denied the charge, and respondent chose to believe other witnesses and to reject appellant's version. This raises no inference of bad faith on respondent's part. This type of situation is very common; an employee charged with misconduct denies committing the misconduct. If the employer makes a determination in good faith that the misconduct occurred, there is no breach of the implied covenant of good faith and fair dealing, even if the employee could subsequently prove that the factual finding of misconduct was a mistake.
If the law were otherwise, no employment contract could be "at will" as codified in Labor Code section 2922. If the employee were entitled to jury trial for breach of the implied covenant of good faith and fair dealing merely by asserting that the charged misconduct was not true, the decision to terminate would be at the discretion of a jury, not the employer. The law of employment contracts would be turned on its head.
The trial court properly granted summary judgment, since appellant raised no triable issues of fact of breach of the implied covenant of good faith and fair dealing.[4]

*980 MISREPRESENTATION/NEGLIGENT MISREPRESENTATION
(7) Appellant, citing no authority, contends that the alleged facts stated a cause of action for fraud and for negligent misrepresentation. He argues that the "concoction of a false story which was used as a basis for an employment termination amounts to straight deceit or fraud ... or at a minimum negligence." Appellant misconstrues these legal concepts. Fraud and negligent misrepresentation both require a false statement relied upon by another. In addition, fraud requires the statement to be made knowingly, i.e., with scienter. (4 Witkin, Summary of Cal. Law (8th ed. 1974) § 446, p. 2711.) In the wrongful discharge context, these concepts are applied when an employee relies upon false promises as inducement to accept employment. (See, e.g., Bondi v. Jewels by Edwar Ltd. (1968) 267 Cal. App.2d 672 [73 Cal. Rptr. 494]; Munoz v. Kaiser Steel Corp. (1984) 156 Cal. App.3d 965 [203 Cal. Rptr. 345].) Appellant has not brought forth any facts to show that appellant relied upon any representations made by respondent. Thus he has not stated a cause of action for either misrepresentation or negligent misrepresentation. (See, e.g., Shapiro v. Wells Fargo Realty Advisors, supra, 152 Cal. App.3d 467, 479.)
The judgment is affirmed.
Boren, J., and Hastings, J.,[*] concurred.
NOTES
[1] Appellant's cause of action for libel and slander was dismissed by mutual agreement of the parties.
[2] This traditional common law approach is codified in Labor Code section 2922 which states in relevant part: "An employment, having no specified term, may be terminated at the will of either party on notice to the other."
[3] The courts also allow an employee to state a cause of action for wrongful discharge when the employer acts in violation of a public policy. (Tameny v. Atlantic Richfield Co. (1980) 27 Cal.3d 167 [610 P.2d 1330, 9 A.L.R. 4th 314].) This theory is not applicable to the instant matter. Appellant alleges that respondent breached its obligation by not following its own personnel policies. Such a violation does not fall under the "public policy" exception. (Gray v. Superior Court (1986) 181 Cal. App.3d 813, 819 [226 Cal. Rptr. 570]. See also Dabbs v. Cardiopulmonary Management Services (1987) 188 Cal. App.3d 1437 [234 Cal. Rptr. 129].)
[4] Because we affirm the summary judgment, we need not address if punitive damages would have been appropriate under the circumstances. We also need not address if the statute of frauds prevents an employee from suing on an oral employment contract, an issue presently before the California Supreme Court in Santa Monica Hospital v. Superior Court (1985) 192 Cal. App.3d 138 [218 Cal. Rptr. 543], review granted January 16, 1986 (L.A. 32143), and in Foley v. Interactive Data Corp. (1985) 193 Cal. App.3d 28 [219 Cal. Rptr. 866], review granted January 31, 1986 (L.A. 32148).
[*] Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.