**Sylvia KOHLER, Plaintiff–Appellant,**

**v.**

**ERICSSON, INC., Defendant–Appellee.**

**No. 87–6268.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1988.

Memorandum April 13, 1988.

Designated as Opinion May 24, 1988.

John J. Weber, Belgum, Wulfsberg, Belgum & Weber, Long Beach, Cal., for plaintiff-appellant.

William D. Claster, Gibson, Dunn & Crutcher, Newport Beach, Cal., for defendant-appellee.

Before SNEED, HUG and ALARCON, Circuit Judges.

SNEED, Circuit Judge:

Sylvia Kohler appeals from the district court's summary judgment of her wrongful termination suit against her former employer. She also challenges the district court's jurisdiction because Doe defendants were named in the complaint at the time the case was removed from state court. We affirm.

## I.

### FACTS AND PROCEEDINGS BELOW

The plaintiff, Sylvia Kohler, a California resident, was employed from 1982–86 by the defendant, Ericsson, Inc., a Delaware corporation with its principal place of business in Texas. She never received a written job description but understood herself to be a "sales representative."

The Ericsson employment manual provides that performance evaluations must be given at least annually. Kohler received a favorable job performance evaluation for her work during 1982. She was not reviewed for her work in 1983 and there is no record to indicate that she received a copy of her evaluation for 1984. Her 1985 evaluation was unfavorable.

In early 1985, some employees were laid off due to a lull in sales at Ericsson. That same year, Kohler was transferred to a new supervisor, Judi Zimberoff, who asked Kohler to assume general secretarial duties in addition to the work she had been doing. Kohler agreed. At the end of July 1985, Zimberoff placed Kohler on probation and notified her that her attitude and willingness to assume her share of the workload had to improve. The notice also listed those additional secretarial tasks which were expected of her. At the end of January 1986, Zimberoff placed Kohler on probation again. During this second probation, Kohler admits that she made gross errors in an assignment she was given. In the comments she attached to her 1985 performance evaluation, dated March 3, 1986, she admitted that she made errors in her assignment, that the quality of her work had deteriorated generally, and that it had been poor during the last six months.

She asserted that the reason for her poor performance was Ericsson's failure to give her performance evaluations and a job description. Kohler was subsequently discharged.

Kohler filed suit in state court for breach of an implied-in-fact employment contract and breach of the implied covenant of good faith and fair dealing naming as defendants Ericsson and Does 1 to 30. Ericsson removed the action to federal district court on the basis of diversity. On April 6, 1987, the district court ordered the dismissal by its own motion of all defendants who were not served within thirty days. All Doe defendants were subsequently dismissed by the court. Ericsson then moved for, and obtained, summary judgment in its favor. This appeal followed.

## II.

### JURISDICTION

In *Brandchaft v. E.F. Hutton & Co.*, 841 F.2d 886 (9th Cir.1988), this court held that "*Bryant v. Ford Motor Co.*, 832 F.2d 1080, (9th Cir.1987) (en banc) does not require remand in cases where 'Doe' defendants were stricken by the district court prior to the November 6, 1987 decision in *Bryant*." In the present case, on April 6, 1987 the court ordered the dismissal by its own motion of all defendants who had not been served. Excerpt of Record (E.R.) tab 16 at 2. Accordingly, all Doe defendants were dismissed before *Bryant* was decided. Therefore the district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 (1982), and our jurisdiction rests on 28 U.S. C. § 1291 (1982).

## III.

### THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND THE IMPLIED–IN–FACT CONTRACT

Kohler asserts that she raised issues of fact as to whether an implied-in-fact employment contract and an implied covenant of good faith and fair dealing existed and were breached. Under California law,

there is a statutory presumption that employment is at will. Cal.Lab.Code § 2922 (Deering 1976). The presumption may be rebutted if the employee presents facts showing the existence of an implied agreement that employment will not be terminated except for good cause, *Pugh v. See's Candies, Inc.,* 116 Cal.App.3d 311, 324–30, 171 Cal.Rptr. 917, 924–28 (1981), or that the employer breached the implied covenant of good faith and fair dealing, *Cleary v. American Airlines, Inc.,* 111 Cal.App.3d 443, 455–56, 168 Cal.Rptr. 722, 729 (1980). *Cf. Funk v. Sperry Corp.,* 842 F.2d 1129, 1132 nn. 1–2 (9th Cir.1988). The district court agreed that Kohler had "raised a triable issue of fact in regard to whether she had a right to be discharged only for good cause." E.R. tab 36 at 3. The court nevertheless granted the defendant's summary judgment motion because it concluded that the undisputed evidence established that the plaintiff had been terminated with good cause. E.R. tab 36 at 4–5.

█ The district court was correct in doing so. Ericsson submitted testimony and documents to show a gradual decline in Kohler's performance after 1984, as well as undisputed testimony that Kohler's performance deteriorated substantially after the spring of 1985. In addition, Ericsson submitted Kohler's comments on her 1985 performance evaluation admitting that her performance had been very poor during the past six months, E.R. tab 17 at 29, and Kohler's deposition testimony acknowledging that her attitude at work was "cool." E.R. tab 17 at 41. She attempts to shift the blame for the decline in the quality of her work from herself to Ericsson and its failure to provide her with a written job description and annual review. The district court rejected this effort:

> Aside from the generalized statements concerning her displeasure at not receiving a written job description and written performance evaluations, which is adequately evidenced, plaintiff fails to present any evidence showing that the lack of a written job description and performance evaluation caused her admittedly poor performance. Indeed, plaintiff's poor performance evaluation and termination appear to have been based primarily on her failure to perform tasks she knowingly undertook rather than her failure to perform tasks of which she was unaware.

E.R. tab 36 at 6. The district court is correct.

Kohler makes the same argument in the context of the covenant of good faith and fair dealing. She asserts that by its failure to furnish a written job description and performance evaluation, Ericsson intended in bad faith to cause Kohler to perform poorly and thereby provide itself with legal grounds to discharge her. Appellant's Brief at 28. "[A] breach of the implied covenant of good faith and fair dealing in employment contracts is established whenever the employer engages in 'bad faith action extraneous to the contract, combined with the obligor's intent to frustrate the [employee's] enjoyment of contract rights.'" *Khanna v. Microdata Corp.,* 170 Cal.App.3d 250, 262, 215 Cal.Rptr. 860, 867 (1985) (quoting *Shapiro v. Wells Fargo Realty Advisors,* 152 Cal.App.3d 467, 478–79, 199 Cal.Rptr. 613, 619 (1984)).

█ The district court concluded that Kohler had failed to raise a genuine issue of fact as to the existence of bad faith on the part of Ericsson. We agree. Kohler does not provide evidence beyond her own conclusory statements to show that Ericsson's failure to provide performance evaluations in 1983 and 1984 was in bad faith. Moreover, she does not bring forth one fact to explain why Ericsson would have wanted to contrive a reason for her discharge. Her assertion, like the plaintiff's assertion in *Burton v. Security Pac. Nat'l Bank,* 197 Cal.App.3d 972, 978, 243 Cal.Rptr. 277, 281 (1988), is based "solely on conjecture and speculation." Although an employee need not directly prove the existence of a hidden motive, *Huber v. Standard Ins. Co.,* 841 F.2d 980, 985 (9th Cir.1988), she must bring forth facts sufficient to raise a genuine issue of the existence of bad faith. *Burton,* 197 Cal.App.3d at 979, 243 Cal. Rptr. at 281. Ericsson's failure to provide Kohler with performance reviews and a job

description, standing alone, does not evidence bad faith. Employment policies are not to be construed as defining standards of good faith. *Malmstrom v. Kaiser Aluminum & Chem. Corp.,* 187 Cal.App.3d 299, 320–21, 231 Cal.Rptr. 820, 831 (1986); *Gianaculas v. Trans World Airlines, Inc.,* 761 F.2d 1391, 1395 (9th Cir.1985).

■ Kohler's argument implies that Ericsson's failure to follow its employment guidelines also constitutes breach of the implied-in-fact contract. Personnel policies can become part of the contractual guarantee if the parties so intend. *Burton,* 197 Cal.App.3d at 978, 243 Cal.Rptr. at 280 (citing *Walker v. Northern San Diego County, Hosp. Dist.,* 135 Cal.App.3d 896, 904–05, 185 Cal.Rptr. 617, 622 (1982); *Rulon–Miller v. Int'l Business Machs. Corp.,* 162 Cal.App.3d 241, 248, 208 Cal.Rptr. 524, 529–30 (1984)). Even if that were the case, the breach resulting from Ericsson's failure would need to be sufficiently material to excuse Kohler's failure to perform satisfactorily. That requirement is described in tort law terms by California law as the necessity of a "causal connection" between the breach and the plaintiff's injury. *See Burton,* 197 Cal.App.3d at 978, 243 Cal. Rptr. at 280 (in breach of implied contract action appellant failed to show a causal "connection between the presence/absence of oral warnings as required by the respondent's policies, and appellant's termination"). The district court was quite correct in finding that Kohler failed to show such a connection.

AFFIRMED.