999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard W. FREEDLE, Plaintiff-Appellant,
v.
CAMPBELL SOUP CO., Defendant-Appellee.
 No. 92-15331.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1993.*
Decided July 22, 1993.
 
 Before: WALLACE, Chief Judge, and D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard W. Freedle ("Freedle") brought suit against Campbell Soup Company ("Campbell") in California state court asserting various causes of action arising from the termination of his employment as a payroll manager. Campbell removed the case to federal court on the basis of diversity. The district court granted Campbell's motion for summary judgment on Freedle's claims for wrongful termination, breach of contract, and breach of the implied covenant of good faith and fair dealing.[1] Freedle appealed pro se. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. Schneider v. TRW, Inc., 938 F.2d 986, 989 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the law. Id.
 
 I. Breach of Employment Contract
 
 4
 California presumes that employment may be terminated at the will of either party. See Cal.Lab.Code § 2922. However, the "presumption may be superseded by a contract, express or implied, limiting the employer's right to discharge the employee." Foley v. Interactive Data Corp., 254 Cal.Rptr. 211, 214 (1988). Important factors for determining whether such a limitation exists include "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.' " Id. at 225 (quoting Pugh v. See's Candies, Inc., 171 Cal.Rptr. 917, 925-26 (Ct.App.1981)); see also Schneider, 938 F.2d at 990. Freedle argues that the district court erred in concluding that these factors established that he was an at-will employee.
 
 
 5
 Even if we assume that Freedle is correct, however, we agree with the district court's alternative holding that good cause existed for Freedle's termination. Good cause is a relative concept which depends upon the facts of each case. Pugh, 171 Cal.Rptr. at 927-28.
 
 
 6
 Because an employer has wide latitude in making personnel decisions, the test for good cause is not whether the jurors would have fired the employee, but rather, whether the discharge was within the bounds of the employer's discretion, or instead, was trivial, capricious, unrelated to business needs or goals, or pretextual.
 
 
 7
 Wilkerson v. Wells Fargo Bank, Nat'l Ass'n, 261 Cal.Rptr. 185, 192 (Ct.App.1989).
 
 
 8
 Undisputed evidence established that Freedle's superiors were not satisfied with his performance. The declarations of Freedle's managers describe the problems with Freedle's job performance, as well as their attempts to remedy the problems in the months preceding Freedle's termination. The record contains copies of Freedle's unsatisfactory evaluations and his managers' files notes.[2] In fact, Freedle admitted both in his deposition and in his Opposition to Defendant's Separate Statement of Undisputed Material Facts that he knew his managers considered his performance to be unsatisfactory and expected him to improve.
 
 
 9
 Freedle contends that these evaluations were the result of a concerted effort to force him out of his job by reducing his departmental resources and creating "deficiencies" which were either beyond his control or complete fabrications. However, the record contains no evidence to support these allegations. The fact that a May 1990 Price Waterhouse audit of Campbell's Sacramento plant failed to identify problems in the payroll department does not establish that Freedle's performance was satisfactory. There is no support in the record for Freedle's contention that his managers' reports and notes were forged. Moreover, the declarations of two of Freedle's coworkers, which purportedly establish that certain employees wanted to get Freedle fired and that Campbell's counsel tried to intimidate Freedle's witnesses, were not filed in the district court and are not part of the record on appeal. See Fed.R.App.P. 10(a); Kirschner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir.1988).[3]
 
 
 10
 Freedle simply "has not brought forth one fact to support his theory that respondent contrived a reason for his discharge ... [and his] assertion is based solely on conjecture and speculation." Burton v. Security Pacific Nat'l Bank, 243 Cal.Rptr. 277, 281 (Ct.App.1988). Based on the record, Freedle has failed to establish that there is a genuine dispute of material fact regarding whether good cause existed for his termination. For this reason, summary judgment was appropriate. Id.
 
 
 11
 II. Breach of Implied Covenant of Good Faith and Fair Dealing
 
 
 12
 Freedle also contends that the district court erred by finding that Campbell had not breached the implied covenant of good faith and fair dealing. "In order to raise a triable material issue as to a cause of action for breach of the implied covenant, the employee must set forth facts showing that the employer acted in bad faith and without probable cause in the termination." Walker v. Blue Cross of Cal., 6 Cal.Rptr.2d. 184, 191 (Ct.App.1992); see also Burton, 243 Cal.Rptr. at 281. We have already determined that good cause existed for Freedle's termination. Campbell did not breach the implied covenant of good faith and fair dealing when it terminated Freedle for good cause.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Freedle abandoned his claims for intentional infliction of emotional distress, negligent infliction of emotional distress, misrepresentation, intentional interference with business relations, and age discrimination
 
 
 [2]
 The problems identified by Freedle's managers included Freedle's failure to supervise the employees in his department, failure to take responsibility for problems in his department, and failure to follow through on projects
 
 
 [3]
 For this same reason, the alleged January 18, 1966 memorandum regarding Campbell's policy of providing "permanent" employment, which Freedle submitted as Exhibit 1 to his Reply Brief, is not part of the record on appeal. Appellee's motion to strike the memorandum is therefore GRANTED