42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Parmjit NIJJAR, Plaintiff-Appellant,
v.
PETERBILT MOTORS COMPANY, A DIVISION OF PACCAR, INC., and
Does I-X, Defendant-Appellee.
 No. 93-15695.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Nov. 17, 1994.
 
 Before: SCHROEDER, FERGUSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Parmjit Nijjar appeals the district court's holding in favor of his former employer, Peterbilt Motors, on four grounds. Nijjar contends that: 1) Peterbilt breached its implied employment contract with Nijjar; 2) Peterbilt violated California law by dismissing Nijjar without notification of the charges of sexual harassment levied against him; 3) the district court erred in finding that Nijjar failed to mitigate his damages by making reasonable efforts to find comparable employment, and that 4) the district court erred in refusing to allow him to amend his complaint. We affirm.
 
 I.
 
 3
 Nijjar contends that he was entitled under PACCAR's, Peterbilt's parent company, personnel policy to a designated procedure and investigation prior to his termination for sexual harassment. Nijjar admits, however, that he was unaware that PACCAR, and through it, Peterbilt, had such a policy until after his termination. Because Nijjar was unaware of Peterbilt's policy, he cannot now claim to have relied upon it. Kohler v. Ericsson, Inc., 847 F.2d 499, 502 (9th Cir.1988). In addition, we agree with the district court that Nijjar failed to overcome the presumption of at-will employment. Cal.Lab.Code Sec. 2922 (West 1989); Foley v. Interactive Data Corp., 47 Cal.3d 654, 677, 254 Cal.Rptr. 211, 223 (1988). As an at-will employee, Nijjar could be terminated for any reason not violative of public policy. Wilkerson v. Wells Fargo Bank Nat. Ass'n, 212 Cal.App.3d 1217, 1226, 261 Cal.Rptr. 185, 189 (1989).
 
 
 4
 California law required Peterbilt to take action to remedy sexual harassment in its workplace. Cal.Gov't Code Sec. 12940(i). Therefore, dismissing Nijjar for sexually harassing co-workers did not violate public policy.
 
 II.
 
 5
 Nijjar also contends that California law requires an employer to conduct "a fair investigation and adjudication of sexual harassment claims" prior to dismissal.
 
 
 6
 California requires a "fair procedure" prior to dismissal only for those individuals working in the private sector threatened with permanent exclusion from a particular profession. Crosier v. United Parcel Service, Inc., 150 Cal.App.3d 1132, 1141, 198 Cal.Rptr.3d 361, 367 (1983), overruled on other grounds by, Foley, 47 Cal.3d at 688, 254 Cal.Rptr. at 230-31. California has explicitly refused to extend such a right to an individual working in the private sector who is merely threatened with exclusion from a specific job. Crosier, 150 Cal.App.3d at 1140, 198 Cal.Rptr. at 366-67; Heath v. Redbud Hospital Dist., 620 F.2d 207, 210-211 (1980). Because Nijjar was not expelled from his profession, but merely dismissed from a particular place of employment, his claim based on California's employment law must fail.
 
 III.
 
 7
 Nijjar argues that he attempted to mitigate his damages by making reasonable efforts to find comparable employment following his dismissal and that the district court erred in finding that he failed to do so. We review the findings of the district court under a clearly erroneous standard. Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.1985) (en banc), cert. denied, --- U.S. ----, 114 S.Ct. 2125 (1994). The district court did not err in concluding that Nijjar failed to mitigate his damages. Peterbilt demonstrated at trial that Nijjar waited months prior to beginning his search for alternative employment and that he only attended one job interview in the sixteen months immediately following his termination.
 
 IV.
 
 8
 Finally, Nijjar contends that the district court erred in refusing to allow him to amend his complaint after he rested his case. We review the district court's denial for an abuse of discretion. National Abortion Federation v. Operation Rescue, 8 F.3d 680, 681 (9th Cir.1991).
 
 
 9
 Fed.R.Civ.P. 15(b) allows pleadings to be amended to conform to issues tried by the express or implied consent of the parties, Fed.R.Civ.P. 15(b); Campbell v. Trustees of Leland Stanford University, 817 F.2d 499, 506 (9th Cir.1987), unless such amendments are offered in bad faith or would result in undue prejudice to the opposing party.
 
 
 10
 Nijjar's proposed amendments were only tangentially related to the original pleadings. There was no express or implied consent to try the issues Nijjar attempted to raise in his amended complaint. Allowing the amendments would have denied Peterbilt the opportunity to make timely and proper objections to the evidence when originally introduced. Consolidated Data Term. v. Applied Digital Data Systems, 708 F.2d 385, 396 (9th Cir.1983).
 
 
 11
 WE AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3