Gilbert Anthony **RODRIGUEZ**, Plaintiff,

v.

**INTERNATIONAL BUSINESS MACHINES**, Defendant.

No. C–96–20033 EAI.

United States District Court, N.D. California, San Jose Division.

March 31, 1997.

Gilbert Anthony Rodriguez, San Jose, CA, Plaintiff Pro Per.

Daniel A. Briskin, Schachter, Kristoff, Orenstein & Berkowitz, San Francisco, CA, for Defendant.

## ORDER GRANTING IBM'S MOTION FOR SUMMARY JUDGMENT

INFANTE, United States Magistrate Judge.

### I. INTRODUCTION

Defendant International Business Machines ("IBM") moves, pursuant to Rule 56, F.R.Civ.P., for summary judgment on Plaintiffs First Amended Complaint ("the Complaint"). For the reasons set forth below, IBM's Motion for Summary Judgment is GRANTED.

### II. BACKGROUND FACTS

The following facts are undisputed. Plaintiff has been an employee of IBM since 1984, and continues to work for IBM as a Senior Production Operator. Plaintiff contends that IBM (1) discriminated against him on the basis of race and national origin in violation of the California Fair Employment & Housing Act ("FEHA") (Cal. Gov.Code § 12940) and 42 U.S.C. § 1981; (2) breached an employment contract with him; and (3) breached the implied covenant of good faith and fair

dealing.[1] Plaintiff's claims are based on three incidents: (1) an altercation with a co-worker, Bill Wedell, which Plaintiff believes IBM handled in an unfair manner; (2) a practical joke played on Plaintiff by another co-worker in connection with which Plaintiff was reprimanded for using profanity; and (3) a March 1995 meeting with Stan Gudmundson, Plaintiff's manager, during which Gudmundson allegedly reprimanded Plaintiff for harassing co-workers. In addition, Plaintiff appears to claim that Gudmundson failed to take appropriate action in response to alleged harassment of Plaintiff by co-workers. Plaintiff also appears to claim that a performance appraisal he received unfairly rated him as a "3" ("meets requirements—contributor") rather than a "2" ("exceeds requirements—high contributor").

### III. SUMMARY JUDGMENT STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). However, the moving party has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the court that there is an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554.

The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553 (quoting Rule 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial*

*Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Evidence that "is merely colorable, or is not significantly probative," is not sufficient to avoid summary judgment. *Id.* at 249–250, 106 S.Ct. at 2511.

Summary judgment cannot be granted where a genuine dispute exists as to any material fact. Rule 56(c), F.R.Civ.P. A "material" fact is one which might affect the outcome of the case under the applicable law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A dispute about a material fact is genuine if a reasonable jury could return a verdict for the non-moving party. *Id.* In deciding a motion for summary judgment, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255, 106 S.Ct. at 2513. Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when] he is ruling on a motion for summary judgment." *Id.*

### IV. DISCUSSION

#### A. PLAINTIFF'S CLAIMS OF DISCRIMINATION UNDER FEHA AND 42 U.S.C. § 1981

IBM moves for summary judgment on Plaintiff's First and Second Causes of Action under FEHA and 42 U.S.C. § 1981, respectively, for discrimination on the basis of race and national origin on the ground that Plaintiff can neither set forth a prima facie case of discrimination under these statutes nor show that IBM's legitimate business reasons for the actions it took were pretextual.

Claims of employment discrimination under FEHA and § 1981 are subject to a shifting burden analysis. *See Bradley v. Harc-*

---

1. This court dismissed all other claims against IBM, as well as all claims against the individual defendants, on May 30, 1996.

ourt, Brace & Co., 104 F.3d 267, 270 (9th Cir.1996) (setting out shifting burdens applicable to Title VII and FEHA claims); *University of Southern California v. Superior Court*, 222 Cal.App.3d 1028, 1035, 272 Cal. Rptr. 264 (1990) (FEHA is evaluated under law interpreting Title VII cases); *Williams v. Edward Apffels Coffee Co.*, 792 F.2d 1482, 1484 (9th Cir.1986) (standards for reviewing Title VII and § 1981 claims are identical). Initially, the plaintiff bears the burden of establishing a prima facie case of discrimination. If the plaintiff succeeds in establishing a prima facie case, the burden then shifts to the defendant to produce evidence of a legitimate, non-discriminatory motive for the action of which the plaintiff complains. If the defendant carries this burden, then the plaintiff must demonstrate that the legitimate reasons offered by the defendant are not the true reasons, but a pretext for discrimination. *Bradley*, 104 F.3d at 270. "To avoid summary judgment, [a plaintiff] 'must do more than establish a prima facie case and deny the credibility of the [defendant's] witnesses.' [He] must produce 'specific, substantial evidence of pretext.'" *Id.*

### 1. Plaintiff Has Failed to Make Out a Prima Facie Case of Discrimination

In order to establish a prima facie case of discrimination, Plaintiff must introduce evidence that gives rise to an inference of unlawful discrimination. *Wallis v. J.R. Simplot Company*, 26 F.3d 885, 889 (9th Cir.1994). The prima facie case may be based either on a presumption arising from factors such as those set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), or by more direct evidence of discriminatory intent. Loosely framed, the factors set forth in *McDonnell Douglas* are: (1) Plaintiff is a racial minority; (2) Plaintiff suffered an adverse employment decision; and (3) similarly situated non-minorities were treated differently.

▇ Plaintiff, however, has failed to submit any direct evidence of unlawful discrimination or any evidence that would satisfy any McDonnell Douglas-type factors. Rather, Plaintiff has submitted as exhibits only his unsworn written descriptions of the incidents written by him at some point in the past. Moreover, even assuming these exhibits constituted proper evidence, the descriptions contain no hint of any discriminatory treatment of Plaintiff by IBM on the basis of race or national origin.

With respect to the altercation with Wedell, Plaintiff claims that Wedell attacked him without provocation. IBM investigated the incident and found that Plaintiff provoked the attack by making a sarcastic remark. IBM placed Wedell on a 90–day final warning prior to termination. It verbally reprimanded Plaintiff for provoking the incident. Plaintiff contends that IBM failed to take adequate disciplinary action against Wedell, and wrongfully attributed partial responsibility for the incident to Plaintiff for discriminatory reasons. However, while Plaintiff repeatedly states in his opposition papers that he believes that IBM's actions were discriminatorily motivated, he submits no evidence supporting that contention, other than that Wedell and Plaintiffs superiors are white, and Plaintiff is hispanic. The undisputed fact is that Wedell, who IBM viewed as the more culpable, was disciplined more severely than Plaintiff. Moreover, Plaintiff submits no evidence that white employees involved in similar situations have been treated more favorably than was Plaintiff.

With respect to the practical joke played on Plaintiff by another co-worker, Plaintiff claims that the co-worker falsely told him he had a telephone call. When Plaintiff picked up the telephone and no one was on the line, other co-workers laughed at him. IBM reprimanded Plaintiff for using profanity toward the co-worker responsible for the incident. Plaintiff contends that IBM unfairly reprimanded him for discriminatory reasons. However, again, he submits no evidence at all that would support a prima facie case of discrimination.

Similarly, Plaintiff claims that Gudmundson, Plaintiff's manager, unfairly reprimanded Plaintiff for harassing unidentified co-workers on the floor, while it was Plaintiff who was being harassed by Wedell and an-

other coworker, Karen Schefter.[2] In addition, Plaintiff claims that a subsequent performance appraisal that lowered Plaintiff's ranking unfairly included the foregoing incidents for which Plaintiff claims he was unfairly reprimanded. Again, Plaintiff contends, without any supporting direct or indirect evidence, that inclusion of these incidents in his appraisal was discriminatorily motivated.

In short, Plaintiff simply submits no direct evidence that IBM acted with respect to the foregoing alleged incidents in a discriminatory manner. Nor does Plaintiff submit any evidence that would support an inference of discrimination under the *McDonnell Douglas*-type factors.[3] As a result, Plaintiff has failed to make out a prima facie case of discrimination based on race or national origin.

### 2. Plaintiff Has Failed to Submit Evidence to Counter IBM's Evidence of a Legitimate Non–Discriminatory Reasons for Its Actions

■ Even assuming that Plaintiff has made out a prima facie case, IBM has articulated and come forward with evidence of legitimate, non-discriminatory reasons for its actions. Specifically, IBM submits evidence that it investigated the Wedell incident at the time and, based on that investigation, determined that Plaintiff bore some responsibility for the incident. *See* Declaration of Chuck Lucchese in Support of IBM's Motion at ¶¶ 3–7; Declaration of Vince Fiattorone in Support of IBM's Motion ("Fiattorone Decl.") at ¶¶ 3–6. In addition, IBM submits evidence that, after Plaintiff complained about the inclusion of the Wedell incident and other incidents in his performance appraisal, it investigated the incidents and determined that the appraisal was accurate. *See* Fiattorone Decl. at ¶¶ 8–11; Declaration of Erin Keeley in Support of IBM's Motion

at ¶¶ 24; Declaration of Ron Grogan in Support of IBM's Motion ("Grogan Decl.") at ¶¶ 3–5.

This evidence submitted by IBM is sufficient to shift the burden to Plaintiff to come forward with specific, substantial evidence that IBM's justifications for its handling of these incidents are a pretext for discrimination. However, as already noted, Plaintiff has come forward with no evidence that IBM's actions were discriminatorily motivated. Plaintiff's subjective belief that IBM's actions were discriminatorily motivated simply is not sufficient to withstand summary judgment. *See Mitchell v. Toledo Hospital,* 964 F.2d 577, 584–85 (6th Cir.1992); *McMillian v. Svetanoff,* 878 F.2d 186, 190 (7th Cir.1989); *Waggoner v. City of Garland, Texas,* 987 F.2d 1160, 1164 (5th Cir.1993); *Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1572 (7th Cir.1989).

Therefore, for the foregoing reasons, IBM's motion for summary judgment on Plaintiff's claim of discrimination under FEHA and 42 U.S.C. § 1981 is GRANTED.

### B. PLAINTIFF'S BREACH OF CONTRACT CLAIM

■ IBM moves for summary judgment on Plaintiff's claims of breach of contract on the following grounds: (1) Plaintiff is an "at-will" employee; (2) Plaintiff has failed to point to any policy or contract term breached by IBM; and (3) Plaintiff has not suffered any damage as a result of any alleged breach.

The evidence is undisputed that Plaintiff was an "at will" employee at IBM. IBM's handbook, which Plaintiff admits he received, expressly states that "IBM has not established any specific term of employment; therefore, termination may be initiated at any time by either an employee or by management" and that "[n]othing contained in any section of [the handbook] shall be con-

---

**2.** Plaintiff appears to claim that Wedell continued to verbally harass him after their altercation, and that Schefter began to harass him after Plaintiff reported Schefter for allegedly soliciting cocaine from another coworker.

**3.** The court questions whether the reprimands Plaintiff received even qualify as actionable ad-

verse employment decisions, in the absence of any evidence of other employment action taken against Plaintiff such as termination, demotion, failure to promote, or other failure to treat Plaintiff fairly in the terms and conditions of his employment with IBM.

strued as creating an express or implied obligation on the part of IBM." *See* Grogan Decl. at ¶¶ 7–8. Plaintiff offers no evidence to the contrary.

■ Plaintiff has presented no evidence of what obligation he was owed under the "at-will" employment contract that IBM allegedly breached.[4] Moreover, Plaintiff, who continues to work for IBM as a Senior Production Operator, has failed to present any evidence of any damage suffered by him as a result of any alleged breach by IBM. There is no evidence that Plaintiff has been terminated or demoted by IBM, and Plaintiff's claim that he lost a prospective job with the San Jose Police Department as a result of IBM's alleged breach is not supported by any evidence. Moreover, the emotional distress and punitive damages claimed by Plaintiff are not recoverable on a breach of contract claim.

Therefore, for the foregoing reasons, IBM's motion for summary judgment on Plaintiff's claim of breach of contract is GRANTED.

### C. PLAINTIFF'S CLAIM OF BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

■ Plaintiff's claim of breach of the covenant of good faith and fair dealing similarly fails for lack of evidence. The covenant of good faith and fair dealing requires that neither party to a contract will take action to injure the right of the other party to receive the benefits of the agreement. Plaintiff fails to present evidence of any material benefit of his "at-will" employment contract that was injured by an action taken by IBM.

■ To the extent that Plaintiff is claiming that IBM breached the covenant by unfairly evaluating Plaintiff in his performance appraisal, Plaintiff's claim cannot survive

summary judgment. Plaintiff presents no evidence that IBM was motivated by discrimination based on race or national origin to lower Plaintiff's performance appraisal. Moreover, absent evidence of bad faith, "where it is undisputed the employer has conducted an investigation and determined the issue against the employee, 'there is no breach of the implied covenant of good faith and fair dealing, *even if the employee could subsequently prove that the factual finding of misconduct was a mistake.'*" *Jensen v. Hewlett–Packard Co.,* 14 Cal.App.4th 958, 973, 18 Cal.Rptr.2d 83 (1993) (quoting *Burton v. Security Pacific Nat. Bank,* 197 Cal. App.3d 972, 979, 243 Cal.Rptr. 277 (1988)). Plaintiff has presented no evidence of bad faith on the part of IBM in evaluating Plaintiff or investigating the incidents of which Plaintiff complains. "[R]ather there is only [Plaintiff's] unsubstantiated charge his supervisor's opinion was objectively wrong and subjectively feigned. Under *Foley's* admonitions regarding managerial discretion [47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373 (1988)], we are compelled to conclude the court is an inappropriate forum for resolution of this grievance. No matter the denomination of the cause of action, employers should neither be required to justify performance evaluations by reference to objectively provable facts, nor subjected to fear of liability for good faith, but mistaken, judgments about the value of an individual employee to the business enterprise." *Id.* at 974–975, 18 Cal.Rptr.2d 83.

Plaintiff's claim of breach of the covenant of good faith and fair dealing also fails for lack of evidence of any damages suffered as a result of IBM's alleged actions.[5]

Therefore, for the foregoing reasons, IBM's motion for summary judgment on Plaintiff's claim of breach of the covenant of good faith and fair dealing is GRANTED.

---

4. Even assuming that Plaintiff's employment relationship was other than "at will," Plaintiff still does not present any evidence of what obligation he was owed that IBM allegedly breached.

5. In the employment context, a cause of action for breach of the covenant of good faith and fair

dealing sounds only in contract, not tort. *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 696, 254 Cal.Rptr. 211, 765 P.2d 373 (1988). Therefore, emotional distress and punitive damages are not recoverable.

## V. CONCLUSION

For the reasons set forth above, IBM's motion for summary judgment is GRANTED.

IT IS SO ORDERED.