[No. B043481. Second Dist., Div. Two. July 31, 1990.]

PATRICIA MOORE, Plaintiff and Appellant, v.
MAY DEPARTMENT STORES COMPANY, Defendant and
Respondent.

**COUNSEL**

Fred L. Wright and Ralph T. Rogari, Jr., for Plaintiff and Appellant.

Shield & Smith and Douglas Fee for Defendant and Respondent.

**OPINION**

**FUKUTO, J.**—Patricia Moore appeals the granting of summary judgment in favor of the May Department Stores Company (May Company) in her action for wrongful termination of employment.

The essential facts are not disputed. Appellant was a 13-year employee of May Company and at the time of her termination, she held the managerial position of jewelry coordinator for all May Company stores. On September 14, 1987, appellant went to the May Company store in Westminster to discuss improving jewelry department sales. After consulting with various store personnel, it was decided the jewelry displays should be rearranged. Appellant removed some previously undisplayed 14-karat gold chains from 2 boxes onto a display pad to take to a locked display case on the other side of the merchandise bay. Although the jewelry department manager, Mr. Vanvakitis, was nearby, appellant did not ask him to watch the two boxes which had considerable gold chains remaining inside. As appellant was placing the display pad (filled with gold chains) in a locked display case in the other area, a customer came up and began asking her questions. She spent some time to show the customer merchandise until she could get another clerk to wait on her. Appellant returned to the area where she had left the two boxes of gold chains to find that the boxes were gone. Appellant asked Mr. Vanvakitis what had happened and he stated that he did not know as he had not seen anything. The chains, which had a retail value of $54,880 and May Company cost of $21,952, were stolen and have never been recovered. The next day, appellant was called to the personnel office and terminated.

In her first amended complaint, appellant alleged causes of action for breach of employment contract and breach of the implied covenant of good faith and fair dealing. May Company moved for summary judgment contending appellant was discharged for good cause.[1] Concluding that there was good cause for appellant's termination, the trial court granted summary judgment.

In this appeal, appellant contends, "Whether the reason advanced by [May Company] for its discharge of [appellant] constitutes good cause is an issue of fact;" and "[t]he trial court erred in granting summary judgment on appellant's cause of action for breach of the implied covenant of good faith and fair dealing where [May Company] offered no facts to negate

---

[1] Although May Company initially contended that appellant was an "at-will" employee, they later abandoned that contention and agreed that May Company's policy is to discharge only for good cause.

appellant's allegations/proof that [May Company] breached the covenant by not applying its employment policies equally and fairly to appellant."

Appellant relies upon cases in which summary judgment in favor of employers was reversed, because the appellate court, in each, found there was a triable issue of fact whether the plaintiff employee was terminated for good cause. The facts in each of them are substantially different from the case at bench and are of no assistance to appellant. In *Wilkerson* v. *Wells Fargo Bank* (1989) 212 Cal.App.3d 1217 [261 Cal.Rptr. 185], plaintiff Wilkerson was terminated for approving a $77.23 overdraft for a bank customer which was caused by two $150 checks the customer gave Wilkerson to pay off a personal loan. Wilkerson maintained that, at the time he approved the $77.23 overdraft, he did not believe that the overdraft was caused by the checks paid to him. Wilkerson also presented a declaration from a retired executive vice-president of defendant bank that Wilkerson's conduct was not of a type which would justify immediate termination, and that immediate termination would occur only if there were a gross violation resulting in substantial loss. In *Wood* v. *Loyola Marymount University* (1990) 218 Cal.App.3d 661 [267 Cal.Rptr. 230], plaintiff Wood was fired as Loyola Marymount's baseball coach because of a losing season and because several starting players indicated they wished to quit the team. We reversed a summary judgment in favor of Loyola Marymount because Wood was discharged without a hearing and opportunity to prove he was not at fault for either the losing season or the players' dissatisfaction, in spite of written university policies calling for such hearing.

Here, unlike the cases relied upon by appellant, there is no question as to appellant's fault for the lost jewelry, nor can there be any argument as to the seriousness of her conduct. May Company's "Standard Practice Instructions" dictate that: "4. Merchandise valued at $60.00 or more must be housed in showcases with locked doors. [¶] . . . 8. All other merchandise, including all 14K Jewelry, must be kept in locked showcases or locked drawers. . . . [¶] . . . All Jewelry showcases must remain locked at all times, unless a sales associate is attending a customer." Appellant left unattended jewelry valued at over $50,000, in clear violation of May Company security procedures, resulting in its loss. The "Associate Handbook" which sets forth May Company job performance standards and grounds for termination, provides that "[f]ailure to follow operating/selling procedure" will result in "corrective action and possible termination depending on the seriousness of the violation."

■ The terms "just cause" and "good cause" have been difficult to define and depend on the circumstances of each case. "Essentially, they connote 'a fair and honest cause or reason, regulated by good faith on the

part of the party exercising the power.' [Citation.] Care must be taken, however, not to interfere with the legitimate exercise of managerial discretion. . . . And where, as here, the employee occupies a sensitive managerial or confidential position, the employer must of necessity be allowed substantial scope for the exercise of subjective judgment. [Citation.]" (*Pugh* v. *See's Candies, Inc.* (1981) 116 Cal.App.3d 311, 330 [171 Cal.Rptr. 917].)

■ May Company presented the declaration of its senior vice-president of human resources that appellant's "failure to safeguard property and failure to follow company policies warranted immediate discharge." The senior vice-president declared that "[i]t is essential that the May Company control theft of its property and take appropriate action when its employees violate policies designed to prevent thefts of the type which occurred in this case." He also stated, shortly before appellant's termination, "May Company was the victim of a theft of gold jewelry with a value of [$15,600]" and "[t]he employee responsible for leaving the glass case [from which the jewelry was stolen] open while she waited on a customer was terminated based on the same policies relied on in [appellant's] termination."

The trial court correctly concluded that there was good cause, as a matter of law, to terminate appellant. Her violation of May Company security procedures as jewelry coordinator resulted in the loss of over $50,000 in merchandise. Appellant admits that she was aware of May Company security procedures for the jewelry departments set forth in the "Standard Practice Instructions," and that she probably assisted in drafting them. There was no hint that the asserted reason for her termination was capricious or unrelated to business needs or goals, or pretextual. Under the facts of this case, we do not believe that a jury should be allowed to decide the correctness of May Company's business judgment in terminating appellant.

■ Appellant's contentions regarding her second cause of action for breach of the implied covenant of good faith and fair dealing must also fail.[2] Appellant contends May Company breached the implied covenant of good faith and fair dealing because May Company's personnel policies required it to warn and counsel her rather than *immediately terminate her, and that her coemployee, Mr. Vanvakitis, who was in the area where the loss occurred, was not disciplined.* Appellant's assertion that warning and counselling were due her was merely her conclusion of fact and law. May Company established that counseling would not be available in every circumstance and that violation of operating procedures would result in immediate

---

[2] *Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654 [254 Cal.Rptr. 211 [765 P.2d 373], eliminated the tort cause of action for breach of the implied covenant of good faith and fair dealing in employment termination cases except where a violation of public policy is involved. Appellant maintains that a contract cause of action for such breach still exists.

termination depending on the seriousness of the violation. As to her complaint that she was singled out for discipline, and that Mr. Vanvakitis was not disciplined in any way, appellant presented no evidence that he was in any way responsible for the loss or that he was even aware that she was leaving the gold chains unattended.

Judgment is affirmed.

Roth, P. J., concurred.

**COMPTON, J.,** Concurring.—I concur in the result but I feel constrained to observe that this case is a graphic example of the pernicious trap into which the courts have fallen by attempting to create an implied-in-fact contract of employment and a cause of action for its breach in situations of patently at-will contracts of employment. The majority here now finds itself constrained to pass judgment on the wisdom of the employer's decision. The decision is correct but should not have been necessary.

An employer's adoption of personnel policies and guidelines, coupled with lengthy service by a employee, does not create a contract by which the employee can circumscribe the employer's decisionmaking ability in the area of retention and discharge.

I would dispose of this case by simply saying that in the absence of a binding written contract of employment, May Department Stores had the absolute power to terminate this employee so long as its decision was not motivated by racial or sexual bias or any other consideration which would violate statutory law.

No claim of such illegality is made here. Plaintiff simply says that her termination was not "fair." She characterizes her negligence as minor and not violative of company policy, and she complains that other employees were not similarly disciplined.

Thus, she has led this court into an evaluation of May Department Stores' "fairness" and the existence of good cause by considering such mundane factors as the amount of the loss versus the degree of negligence involved and whether appropriate punishment was meted out to similarly situated employees.

In my opinion, the decisions in *Wilkerson* v. *Wells Fargo Bank* (1989) 212 Cal.App.3d 1217 [261 Cal.Rptr. 185] and *Wood* v. *Loyola Marymount University* (1990) 218 Cal.App.3d 661 [267 Cal.Rptr. 230] were wrongly

decided in that they would substitute a lay jury's determination for that of the employer in determining what would "justify" immediate termination.

The very problem which I foresaw when I dissented in *Wood* v. *Loyola Marymount University* has emerged in this case. If this field of litigation is not drastically curtailed by the Supreme Court's rethinking of its language in *Foley*, which made the first step into this morass and opened the way for some Courts of Appeal to plunge further and further therein, we can look forward to the creation of a number of new courts devoted solely to deciding employee discharge cases and thus functioning like a civil service commission for the private sector.

Appellant's petition for review by the Supreme Court was denied October 11, 1990. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.