993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cheh-Cheng WANG, aka C.C. Wang, Plaintiff-Appellant,
v.
FMC CORPORATION, a Delaware Corporation, Defendant-Appellee.
 No. 92-15012.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1993.
Decided May 13, 1993.
 
 Before: FERGUSON, CANBY and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 C.C. Wang appeals the district court's grant of summary judgment in favor of FMC Corporation on his three wrongful termination actions and his misrepresentation action. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo, construing all facts in favor of the nonmoving party, Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992), and we affirm.
 
 
 3
 Wang was hired by FMC as a Senior Mechanical Engineer in 1972. Wang alleges that at the time of hiring, FMC made representations to him that he would accede to a managerial position when his language and communication skills improved. During his fourteen year employment with FMC, Wang was never promoted to management status. It is undisputed that Wang possesses superior technical knowledge and skills. FMC, however, contends that Wang was insubordinate in that he refused to follow his managers' orders when he thought them mistaken. FMC also provides evidence that Wang alienated his co-workers and FMC customers, exhibited unprofessional behavior, and failed to meet written performance objectives.
 
 
 4
 Throughout his employment with FMC, Wang openly criticized numerous FMC methods and practices that he thought were defective. Wang was particularly concerned with four defense projects FMC was working on for the federal government. He voiced his complaints of defective engineering practices to FMC. When FMC ignored Wang's recommendations to correct the alleged defects, Wang met with his congressman, Norm Mineta, and the California Department of Fair Employment and Housing ("DFEH") to discuss his concerns. Shortly thereafter, Wang was terminated.
 
 
 5
 Wang filed suit, claiming breach of implied-in-fact contract, wrongful termination in violation of public policy, wrongful termination in violation of California Labor Code § 1102.5, and misrepresentation. The district court found that Wang had failed to establish a material dispute of fact concerning wrongful termination or misrepresentation and therefore granted FMC's motion for summary judgment. Wang now appeals.
 
 
 6
 Wang first contends that the district court erred by finding that he failed to establish a prima facie case of breach of an implied-in-fact contract.[1] We disagree.
 
 
 7
 An implied-in-fact employment contract limits an employer's right to discharge an employee by requiring that termination be based only on "good cause." Pugh v. See's Candies, Inc., 116 Cal.App.3d 311, 324-25 (Ct.App.1981). To succeed on this claim, a discharged employee must first establish an implied contract. The burden then shifts to the employer to articulate good cause for the termination. Upon such a showing, the employee must rebut the employer's proffered reasons and demonstrate that they are merely pretextual. Pugh, 116 Cal.App.3d at 329.
 
 
 8
 Wang presents a significant amount of evidence demonstrating a triable issue of fact over the existence of an implied-in-fact contract. We thus assume, without deciding, that such a contract existed. Next, we consider FMC's articulation of good cause for the termination, which is based on Wang's insubordination and his alienation of co-workers and FMC customers. FMC supports these claims with an abundance of evidence in the record. This falls within the realm of good cause. See Pugh, 116 Cal.App.3d at 324-25 (holding an employer's dissatisfaction with the employee's services constitutes good cause for termination).
 
 
 9
 In rebuttal, Wang argues that the actual reason for his termination was his complaints of defective FMC practices to FMC personnel and to Congressman Mineta and DFEH. Wang introduces no evidence that FMC had knowledge of Wang's meetings with Mineta and DFEH prior to his termination. We find that there is insufficient circumstantial evidence for a reasonable trier of fact to infer that FMC had such knowledge.
 
 
 10
 Much of the evidence Wang introduces in rebuttal demonstrates his excellence in engineering--something which FMC does not contest. He also introduces some evidence that several co-workers and FMC customers, in the course of his fourteen year employment, were pleased with his work. This evidence does not rebut FMC's proferred motivation that enough colleagues and customers were alienated by Wang that FMC decided to terminate him.
 
 
 11
 We note that reasonable minds might differ on the wisdom of FMC's decision to terminate Wang. However, this does not undermine FMC's showing of good cause. The material issue is not whether FMC's decision to terminate Wang was wise, but rather did Wang's evidence create a factual dispute regarding whether the reasons articulated by FMC for termination were pretextual. See Moore v. May Dept. Stores Co., 222 Cal.App.3d 836, 840 (Ct.App.1990). We find that Wang has failed to introduce evidence from which a reasonable jury could find that he was actually terminated in retaliation for disclosing what he believed to be FMC's fraudulent, defective engineering practices. Accordingly, FMC was entitled to summary judgment on the contract claim.
 
 
 12
 Wang also argues that the district court erred by granting summary judgment on his common law and statutory claims of wrongful termination in retaliation for his whistle-blowing activities. See Gantt v. Sentry Insurance Company, 824 P.2d 680 (Cal.1992); Tameny v. Atlantic Richfield Co., 610 P.2d 1330, 1333 (Cal.1980); California Labor Code § 1102.5. These arguments fail for the same reason that Wang's contract claim does. Wang has produced no evidence that his termination was actually in retaliation for his complaints to FMC and to others of FMC's alleged defective practices rather than in response to his insubordination and alienation of co-workers and FMC customers. Thus, summary judgment was proper on these claims as well.
 
 
 13
 Wang's final contention is that the district court erred in finding no triable issue with respect to his claim for misrepresentation. We disagree.
 
 
 14
 Wang has not introduced any evidence that supports his claim that FMC promised him a managerial position if his communication skills improved. He relies on evidence of his excellent grades in three English courses but is unable to introduce any evidence that he took those courses because of any promise made by FMC. We therefore must find that Wang has failed to meet his burden of proof in establishing the threshold element of misrepresentation, namely, that a representation was made. Accordingly, summary judgment was proper on the misrepresentation claim.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As a preliminary matter, Wang alleges that summary judgment should be vacated because the district court failed to make any findings of fact or conclusions of law. Rule 52(a) of the Federal Rules of Civil Procedure specifically states that findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 56. Thus this claim lacks merit