116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherry McCARTNEY, Plaintiff-Appellant,
v.
GTE DIRECTORIES CORPORATION, Defendant-Appellee.
 No. 96-55673.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-00549-LHM; Linda H. McLaughlin, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sherry McCartney appeals the district court's grant of summary judgment in favor of GTE Directories Corporation ("GTE") on her California diversity action for breach of employment contract and breach of the covenant of good faith and fair dealing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 California law presumes that employment is terminable at any time without cause. See Cal.Lab.Code § 2922. That presumption may be overcome by an express or implied agreement limiting, in some way, the employer's right to terminate the employee. See Foley v. Interactive Data Corp., 765 P.2d 373, 385 (Cal.1988).
 
 
 4
 McCartney contends that there is a genuine issue of material fact whether GTE had impliedly agreed not to terminate her without good cause or prior warning. This contention lacks merit.
 
 
 5
 GTE submitted its employee brochure and written personnel and corrective counseling policies in support of its motion for summary judgment. All three documents expressly provide that every GTE employee can be terminated without cause. Even assuming as McCartney claims that GTE supervisors repeatedly told her that "GTE would take care of her as long as she met the numbers," she could not have reasonably relied on any implied promise to be terminated only for cause because it was contradicted by the written at-will employment polices with which she was familiar.[1] See id. at 387 n. 23.
 
 
 6
 Furthermore, even if GTE agreed to fire McCartney only for good cause, the uncontroverted evidence shows that GTE had such cause. GTE submitted a memorandum written by McCartney's supervisor setting forth several violations of company policy which constituted clear grounds for discharge. See May Dep't Stores Co., 271 Cal.Rptr. 841, 842-43 (Cal.Ct.App.1990). McCartney also committed insubordination, which warranted immediate termination under the company's express written policy.[2]
 
 
 7
 Finally, McCartney contends that her due process rights were violated when the district court advanced the due date of her written opposition to GTE's motion for summary judgment. This contention lacks merit because McCartney does not explain how her case would have been argued differently had she had more time to prepare her opposition.
 
 
 8
 Accordingly, we affirm the district court's grant of summary judgment on McCartney's breach of employment contract claim. Because McCartney's claim of breach of implied covenant and fair dealing is entirely derivative of the breach of implied contract claim, see Newfield v. Insurance Co. of the West, 203 Cal.Rptr. 9, 12 (Cal.Ct.App.1984), we also affirm the grant of summary judgment on that claim.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McCartney also contends that her signed confidentiality agreement created an expectation of secured employment. This contention lacks merit because the agreement clearly states that GTE may terminate McCartney without violating the agreement
 
 
 [2]
 McCartney also contends that the district court impermissibly relied on a hearsay document in finding that GTE had good cause to terminate her. This contention lacks merit because the individual who terminated McCartney testified that he independently verified the facts set forth in the document