**Walter A. HOY, Plaintiff,**

v.

**SEARS, ROEBUCK & COMPANY, a corporation, et al., Defendants.**

No. C 92–3943 SBA.

United States District Court, N.D. California.

March 7, 1994.

Rand L. Stephens, Law Office of Rand L. Stephens, Antioch, CA, for plaintiff.

James S. Greenan and Jane M. Konopik, Cooper, White & Cooper, Walnut Creek, CA, for defendants.

### AMENDED ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ARMSTRONG, District Judge.

Plaintiff, a former employee of defendant Sears, Roebuck & Company, brings the above-captioned matter on the ground that the defendant and its managers breached plaintiff's employment contract when defen-

dants terminated his employment. Defendants now move for summary judgment or, in the alternative, summary adjudication. After reviewing the papers submitted by both parties, and being fully informed, the Court finds that defendants' motion for summary judgment should be granted.[1]

## BACKGROUND

Plaintiff was employed by defendants in a variety of positions for approximately 26 years. From 1969 to 1987, plaintiff was a Division Manager. In 1987, plaintiff's position as a Home Improvement Sales Manager was to be centralized and combined with another department. Plaintiff requested reassignment to a commission salesperson in the department that sold major appliances. The request was granted.

In August of 1991 plaintiff was fired. The reason given for his termination was his failure to maintain a sufficient ratio of Maintenance Agreements ("M/A") to Merchandise Sales.

Plaintiff admits that he failed to maintain the standards for the sales of these M/A's. However, plaintiff contends that this failure was not good cause for his termination.

In his original complaint, plaintiff alleged that the actual reason he was terminated was 1) age discrimination, and 2) the fact that he was a "whistle blower". On December 7, 1992, this Court granted defendants' motion to dismiss plaintiff's claims for age discrimination and intentional and negligent infliction of emotional distress on the basis of plaintiff's failure to state a claim upon which relief may be granted. Plaintiff's unsupported allegations of retaliatory termination were stricken.

Plaintiff's only remaining claims are for breach of contract and breach of the covenant of good faith and fair dealing.

## DISCUSSION

### A. Summary Judgment

■ Summary judgment is appropriate under Fed.R.Civ.P. 56(b) where there exist

no genuine issues of material fact and as a matter of law the moving party is entitled to win. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). For the purposes of the motion, the court must construe the opposing party's papers liberally; resolving all ambiguities and drawing all reasonable inferences in their favor. *Patrick v. LeFevre,* 745 F.2d 153 (2nd Cir.1984). That being the case, a factual dispute is to be considered genuine only if the non-moving party can offer "concrete evidence" such that a reasonable jury could return a verdict in their favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The burden on the moving party may be discharged by pointing out to the district court that there is absence of evidence to support the opposing party's claim. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

### B. Plaintiff's Claim for Breach of Contract

Defendants raise two arguments to establish that there is no material triable issue of fact concerning plaintiff's breach of contract claim. First, defendants contend that plaintiff's employment contract was an "at will" contract rather than a "for cause" contract. Second, defendants assert that even if plaintiff was a "for cause" employee, plaintiff's failure to meet the sales quota was good cause for his termination.

### 1. Whether Plaintiff Was An "At Will" Employee

■ Under California law, an employee's term of employment, when not specified in an employment contract or other document or oral agreement, is considered a term that may be terminated "at will" by either party. Cal. Labor Code § 2922. This statute creates a presumption that employment is terminable "at will". *Hillsman v. Sutter Community Hospitals,* 153 Cal.App.3d 743, 749, 200 Cal.Rptr. 605 (1984).

---

**1.** The Court considers adjudication of the instant motion suitable without oral argument. *See* N.Dist. Local Rule 220–1.

■ This presumption may be rebutted only by evidence of an express or implied agreement that the employment will terminate only "for cause". *Pugh v. See's Candies, Inc.*, 116 Cal.App.3d 311, 324–25, 171 Cal.Rptr. 917 (1981); *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 668, 254 Cal.Rptr. 211, 765 P.2d 373 (1988).

■ The existence of implied promises to discharge an employee only for good cause is generally a question of fact. *Foley, supra.* However, *Foley* does not stand for the proposition that the existence of an implied-in-fact contract is always a question of fact; the issue may be appropriately resolved as a matter of law given the facts of a particular case. *Miller v. Pepsi–Cola Bottling Co.*, 210 Cal.App.3d 1554, 1558, 259 Cal.Rptr. 56 (1989).

■ In determining whether such promises exist, the Court must look to the entire relationship of the parties. *Id.* Included in the factors to consider in examining the relationship of the parties are, the terms of the employment manual, the personnel policies and practices of the employer, the employee's longevity of service, actions or communications by the employer constituting assurances of continued employment, and the practices of the industry in which the employee is engaged. *Miller v. Pepsi–Cola Bottling Co., supra,* 210 Cal.App.3d at 1557–58, 259 Cal.Rptr. 56.

■ A contract requiring termination only "for cause" will not be implied if there is an express writing to the contrary. *Shapiro v. Wells Fargo Realty Advisors*, 152 Cal. App.3d 467, 482, 199 Cal.Rptr. 613 (1984). Under California law, an executed employment application purporting to be the final agreement of the parties as to an employee's "at-will" status is itself a contract or becomes integrated into any contract that is eventually executed between the parties. *Comeaux v. Brown and Williamson Tobacco Co.*, 915 F.2d 1264, 1269–72 (9th Cir.1990).

■ Proof of an implied-in-fact promise of "good cause" status arising from an employer's personnel handbook is precluded by the express, written provision in the plaintiff's employment application stating that employment is "at will". *Gianaculas v. Trans World Airlines, Inc.*, 761 F.2d 1391, 1394 (9th Cir.1985); *cited with approval in Tollefson v. Roman Catholic Bishop*, 219 Cal. App.3d 843, 855–56, 268 Cal.Rptr. 550 (1990).

■ Defendants in this case have produced a copy of plaintiff's "Application for Employment". The application provides that "[m]y employment and compensation can be terminated, *with or without cause*, and with or without notice, at any time, at the option of either the Company or myself." Declaration of Jane M. Konopik In Support of Defendants' Motion for Summary Judgment or, in the Alternative, for Summary Adjudication of Issues (Konopik Declaration), Exhibit D, at 2. [emphasis added]. Moreover, the Sears' Personnel manual provides "[t]his guide does not affect the basic relationship between Sears and its associates as is expressed, for example, in the Application for Employment, i.e., employment at Sears is considered indefinite and *terminable at the will* of either Sears or its associates, without notice, *and with or without cause* at any time." Konopik Declaration, Exhibit G. [emphasis added].[2]

The language of these documents is unambiguous; Sears' employees are terminable "at will". In at least one circuit, the Sears' application has been consistently deemed a part of the employment contract, rendering each employee's term of employment "at will". *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 461 (6th Cir.1986). "Every reported district court case involving a claim of unlawful discharge in the face of the language contained in the Sears application has resulted in summary judgment for Sears."

■■ Plaintiff fails to address the sig-

---

**2.** Plaintiff, in the Declaration of Walter Hoy in Opposition to Defendants [sic] Motion for Summary Judgment, Exhibit 4, provides a copy of an "Agreement of Terms and Conditions of Compensation for Big Ticket Salespeople." Plaintiff contends that, as this contract does not mention whether he can be fired "at will", he must be a "for cause" employee. However, as defendant correctly points out, this document is irrelevant to the Court's inquiry, because it has nothing to do with the terms of plaintiff's employment; rather, it deals only with his compensation.

nificance of these documents[3] and argues that his twenty-six years of service, coupled with every employee's understanding that they were "for cause" employees, create an implied contract term of "for cause" termination only. Plaintiff cites *Pugh v. See's Candies, Inc., supra,* and *Kern v. Levolor Lorentzen, Inc.,* 899 F.2d 772 (9th Cir.1990) for this proposition.

Of these two justifications for implying a "for cause" term, plaintiff relies almost exclusively on the longevity of his employment. The Court in *Levolor Lorentzen* determined that an implied contract term of termination "for cause" existed. The Ninth Circuit found that the employer had made several expressed and implied promises to follow certain procedures in determining which employees were terminated or laid-off. However, the employer failed to follow these procedures in terminating one of its employees. Based in part on the procedures for termination included in a personnel handbook, and to a greater extent upon the defendant's conformance with the established procedures and hierarchies in making lay-off decisions with regard to employees except the plaintiff, the Court found that an implied contract existed. *Levolor Lorentzen,* 899 F.2d at 776–77.

In *Pugh,* a vice-president who had worked for See's Candies for over 32 years was terminated. The Court found an implied "for cause" term of employment because the plaintiff had been personally promised on several occasions by the President of the company and his two successors that if he were loyal and did a good job, he would have a job for life. In addition, plaintiff had received no written or oral criticism of his work and no warning that his employment might be terminated or that he might be disciplined. Moreover, the company had very clear procedures for terminating employees; procedures that the defendants failed to follow in the case before the Court. *Pugh,* 116 Cal.App.3d at 316–18, 324–27, 171 Cal.Rptr. 917.

None of the cases cited by plaintiff or defendant entailed a Court's exclusive reliance on the longevity of the employee's term of employment with the company as sufficient evidence of an implied contract term. Rather, each court scrutinized the employment relationship as a whole and looked particularly to the existence of both personal promises by top management officials to the employee that he would not be terminated without cause, and clear procedures for terminating employees. In fact, in *Tollefson v. Roman Catholic Bishop,* 219 Cal.App.3d 843, 856, 268 Cal.Rptr. 550 (1990), the Court held that "lengthy service combined with promotions and salary increases are natural occurrences for an employee who remains with an employer for a substantial length of time and do not evince or create an implied agreement for permanent employment."

Defendants have established that plaintiff had received at least ten deficiency interviews for his sales performance, had been reprimanded eight times, and had attended 20 training sessions to correct the problem. Konopik Declaration, Exhibit B; Deposition of Walter A. Hoy at 48; Declaration of Edward McComb, Exhibits D–G, I–K. Plaintiff has provided no evidence that defendants failed to follow their normal procedures in terminating his employment.[4] Defendants

3. Plaintiff alleges that if the Court finds that plaintiff could be terminated "at will", the employment contract should be deemed a contract of adhesion. Plaintiff's Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication at 9–12. Plaintiff has cited no case authority for the proposition that "at will" employment contracts are unconscionable. To find a contract of adhesion, a court must find that the term violates public policy, is unconscionable, and was added in bad faith. As Cal. Labor Code § 2922 and the relevant case law create a *presumption* that an employment contract is an "at will" contract, plaintiff cannot establish that the "at will" language in the em-

ployment application and the personnel manual is against public policy or unconscionable.

4. Plaintiff contends that a memo to Sears' regional/district managers "seems to indicate" that someone who fails to meet the sales quota should not be terminated. Plaintiff's Opposition, at 19. However, the memo merely advises that "an alternative to termination is reassignment...." Declaration of Rand L. Stephens in Support of Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment and in the Alternative, Motion for Summary Adjudication of Issues, Exhibit 2. This memo does not prohibit termination of an em-

have also demonstrated that the plaintiff received no personal assurances that he would only be terminated "for cause".

Plaintiff contends that Mr. James Lapsley, the manager of the store where the plaintiff worked, admitted that he only fired people "for cause". However, plaintiff omitted the page of Mr. Lapsley's deposition in which he stated that it was the company's prerogative to fire people with or without cause. Mr. Lapsley admitted that he had a personal policy of firing people "for cause" only, but it was the company policy to terminate employees with or without notice or cause. *See* Supplemental Declaration of Jane M. Konopik In Support of Defendants' Motion for Summary Judgment or, in the Alternative, for Summary Adjudication of Issues (Supplemental Konopik Declaration), Exhibit D. Plaintiff has also failed to provide any evidence that Mr. Lapsley ever advised him that he could only be terminated "for cause". Moreover, unlike the situation in *Pugh v. See's Candies, Inc., supra,* where several successive company presidents promised the plaintiff he would only be fired "for cause", even if Mr. Lapsley had so advised plaintiff in the case before the Court, plaintiff has failed to establish that Mr. Lapsley had the authority to alter Sears' contractual relationship with its employees.

In support of his contention that it was general knowledge that people were only terminated "for cause", plaintiff submits his declaration and the deposition of Theresa Price, one of his co-workers. However, this testimony fails to establish plaintiff's contention that this knowledge was "general" and amounts to no more than a recitation of the subjective impressions of selected employees without any apparent foundation for these conclusions or their relevance.

Apart from the longevity of his term with Sears, Roebuck and Company, plaintiff has therefore failed to establish any of the requisite elements for this Court's finding the existence of an implied contract to terminate plaintiff's employment "for cause".

### 2. Whether Defendants Had Good Cause to Terminate Plaintiff

Defendants contend that even if the Court were to find that there existed an implied contract that plaintiff would only be terminated "for cause", there existed good cause for terminating the plaintiff—he failed to meet his sales quota.

A Court may rule on whether there existed good cause for termination of employment on a motion for summary judgment. *Fowler v. Varian Associates, Inc.,* 196 Cal.App.3d 34, 42–43, 241 Cal.Rptr. 539 (1987). Instances of poor performance are justifiable reasons for termination. *Knights v. Hewlett Packard,* 230 Cal.App.3d 775, 780, 281 Cal.Rptr. 295 (1991). When it is clear that an employee is terminated on the grounds of poor performance, where "there [is] no hint that the asserted reason for [an employee's] termination was capricious or unrelated to business needs or goals, or pretextual.... a jury should not be allowed to decide the correctness of [the employer's] business judgment in terminating" the employee. *Moore v. May Dept. Stores Co.,* 222 Cal.App.3d 836, 271 Cal.Rptr. 841 (1990).

Defendants contend that they terminated the plaintiff because he failed to meet his sales quota; in fact, defendants contend he had one of the worst M/A sales records in the Concord office. Konopik Declaration, Exhibits A–C; Supplemental Konopik Declaration, Exhibit A. Though defendants discussed this matter with the plaintiff on several occasions, and despite the fact that plaintiff attended 20 training sessions, his sales numbers continued to decline. *See* Declaration of Edward McComb, Exhibits A–D; Konopik Declaration, Exhibit B. By August of 1991, plaintiff's M/A ratio was 3.98%. The sales goal was 5.0% in 1990, and 5.43% in 1991. *See* Declaration of Edward McComb, ¶ 7.

Plaintiff attempts to rebut this argument by contending that another employee's sales record was worse, that the 5.43% was an unreasonable quota, and that plaintiff was fired for pretextual reasons.

ployee who fails to meet his quota; reassignment

is only advanced as an alternative.

Plaintiff's contention that there was another employee, Theresa Price, with lower sales figures is not supported by the evidence.[5] See Konopik Declaration, Exhibit A–C. By reviewing the table provided by defendants, it is clear that Theresa Price's M/A sales figures were higher than plaintiff's for all of 1990 and for the period from July–August of 1991.

Plaintiff also asserts that the 5.43% sales figure was unreasonable. Plaintiff offers in support of this proposition the declaration of Mr. Berdell Schneider, the former manager of the appliance division in Concord. Mr. Schneider testified that no one could reasonably be expected to meet a 5.0% (or higher) quota, and in fact he never knew of any individual who met the quota or was terminated for failing to meet the quota. Plaintiff contends that defendants have failed to provide any information identifying any individual who met the 5.0% quota.

However, defendants, in fact, have submitted statistics demonstrating that many people met the 5.0% sales quota. Konopik Declaration, Exhibit B. Defendants also submitted the Declaration of E. Hutcheon Gibb (Gibb Declaration), the manager of a Sears store in Santa Rosa, who has also terminated employees for failing to meet the sales quota. Gibb Declaration, ¶ 2. Moreover, in each of the depositions submitted by the plaintiff, former and current employees admitted that in late 1990 and early of 1991, the Company had notified them, through their managers, that failure to meet the sales quotas could result in termination. *See* Deposition of Theresa Price, at 31–32; Deposition of John Plato, at 46, Deposition of S. Wesley Russell, at 25–26; and Deposition of Michael Ambrose, at 19. More importantly, plaintiff was not only fired because he failed to meet his quota, but also because he had one of the lowest sales records in the Concord store.

Even if the Court were to accept plaintiff's assertion that the quota was unfair and difficult to meet, such a finding would not warrant a ruling in plaintiff's favor. Absent some showing that the termination of plaintiff's employment was pretextual, the fact finder should not decide the correctness of an employer's termination of a plaintiff's employment. *Moore v. May Dept. Stores Co., supra.*

Plaintiff cannot prevail on his assertion that he was fired for pretextual reasons. Plaintiff alleges that the defendants fired him to prove that a senior employee who failed to meet his quotas could be fired. Assuming this contention to be true, plaintiff fails to provide any authority that such a reason cannot constitute good cause to terminate an employee. Moreover, plaintiff's assertion only underscores the fact that he failed to meet his sales quota.[6]

### D. Breach of Implied Covenant of Good Faith and Fair Dealing

█ The implied covenant of good faith and fair dealing requires that the employer act fairly and in good faith. *Burton v. Security Pacific Nat. Bank,* 197 Cal.App.3d 972, 979, 243 Cal.Rptr. 277 (1988). In an employment termination case, this covenant "is only a promise not to terminate the employment without '... some good reason ...' or 'a fair and honest course of reason, regulated by good faith.'" *Clutterham v. Coachmen Industries, Inc.,* 169 Cal.App.3d 1223, 215 Cal. Rptr. 795 (1985).

█ Under California law an action cannot lie for breach of the implied covenant of good faith, when an employee may be terminated "at will". *Hejmadi v. AMFAC,*

---

5. Plaintiff, at several points in his opposition papers, contends that the defendants have withheld documents. However, plaintiff has never filed a discovery motion or a motion pursuant to Fed.R.Civ.P. 56(f) to continue the instant motion pending discovery. Plaintiff does not contend that any of the evidence currently before the Court was withheld from him, nor does he explain how any additional information would be relevant in light of the documents currently before this Court.

6. Plaintiff cites *K Mart Corp v. Ponsock,* 103 Nev. 39, 732 P.2d 1364 (1987), which stands for the proposition that an employer cannot terminate an employee to avoid paying his pension benefits. Plaintiff's Opposition, at 15. As plaintiff has not alleged that Sears' fired him to avoid paying his pension benefits, this case is inapposite.

*Inc.*, 202 Cal.App.3d 525, 547, 249 Cal.Rptr. 5 (1988); *Gianaculas v. Trans World Airlines, Inc., supra,* 761 F.2d at 1394–95. In this case, plaintiff was clearly a party to an "at-will" employment contract. However, even if he was a "for cause" employee, plaintiff has failed to establish that he was terminated without good cause or in violation of the implied covenant of good faith and fair dealing.

To establish a breach of this covenant by asserting the employer terminated the employee based upon an improper motive, plaintiff must provide factual evidence that the dismissal was pretextual. Where plaintiff provides "no factual foundation for [the] claim that the stated reason for discharge ... was a mere pretext for some other, impermissible reason," summary judgment in favor of the employer is proper. *Burton,* 197 Cal.App.3d at 978, 243 Cal.Rptr. 277.

As previously noted, defendants have provided this Court with evidence that plaintiff's job performance was poor, and that the defendants had worked with plaintiff on numerous occasions in an attempt to correct the problem. However, plaintiff failed to improve his sales performance. Plaintiff's own evidence establishes that everyone at Sears was aware that, since Sears' reorganization, people would be terminated for failing to meet their quotas.

This Court has also already determined that plaintiff has failed to offer any persuasive pretextual reason for his termination. Plaintiff's proffered reason for his termination actually underscores the fact that he failed to meet his sales quota.

### CONCLUSION

Plaintiff's employment contract clearly was "at will" rather than "for cause". Since there was an express "at will" provision both in plaintiff's employment application and defendants' personnel handbook; no "for cause" term may be implied in the employment contract. However, even if plaintiff's employment was terminable "for cause" only,

---

**7.** Defendants raise several objections, which plaintiff has not opposed, to the declarations and evidence presented by the plaintiff in conjunction with this motion. *See* Defendants' Objections to

defendants had good cause to terminate his employment. Accordingly

IT IS HEREBY ORDERED THAT

1. Defendants' motion for summary judgment is GRANTED.[7]

IT IS SO ORDERED.

Plaintiff's Evidence. As the Court has granted defendants' motion for summary judgment, the Court will not reach the merits of these objections.