24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thu Phu TRUONG, Plaintiff-Appellant,
v.
SONY CORPORATION, Defendants-Appellee.
 No. 92-56204.
 United States Court of Appeals, Ninth Circuit.
 April 29, 1994.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and FONG, District Judge*.
 
 
 2
 MEMORANDUM**
 
 INTRODUCTION
 
 3
 Thu Phu Truong ("Truong") appeals from a grant of summary judgment in favor of Sony Corporation ("Sony") dismissing Truong's action for breach of an "implied contract to terminate for cause only" and breach of the implied covenant of good faith and fair dealing. We REVERSE and REMAND.
 
 BACKGROUND
 
 4
 Sony hired Truong as an assembler on November 10, 1975; plaintiff did not sign an employment agreement or any other document setting forth the nature and term of his employment. Truong worked for Sony for fourteen years until he was terminated on October 10, 1989. Sony fired Truong for twice falsifying his time cards; on two occasions Truong was late to training classes, yet he completed his time cards to show that he arrived for work on time on each occasion. Truong at all times has denied falsifying his time cards.
 
 
 5
 Over the course of Truong's employment with Sony, Truong received several promotions, consistent wage increases, and good performance reviews every six months. On four performance reviews, Truong was recommended for "permanent status." After a promotion an employee must complete a ninety day probationary period in his or her new position. See Sony Employee Guide at 13. Since Truong was promoted several times, the language "recommended for permanent status" was, according to Sony, intended to indicate that he had satisfactorily completed his probationary period at his new position. The words "permanent status" are not contained or qualified in any way in the employee guide. At all times Truong worked on the assembly line; he was never promoted to a management level position. The wage increases were the result of a combination of merit and seniority. In 1985 Truong also received a ten-year service award from Sony. In addition, Sony paid for Truong to attend three formal technical training courses.
 
 
 6
 Sony also provided its employees, including Truong, with an Employee Guide. This guide sets forth Sony's policies on, among other things, promotional opportunities, compensation and benefits, attendance, and conduct that can lead to termination. Page fourteen of the Employee Guide lists specific conduct which can lead to discipline or termination:
 
 CONDUCT
 
 7
 The following prescribed rules of conduct are necessary to create a working atmosphere in which all employees can perform jobs to the best of their abilities.
 
 
 8
 The following actions are among those causes for which disciplinary action or termination of employment may result:
 
 
 9
 [lists nineteen specific grounds for termination]
 
 
 10
 Sony Employee Guide at 10-11.
 
 
 11
 In addition, page five of the Employee Guide states:
 
 COMPENSATION AND BENEFITS
 
 12
 It is our policy to operate on a full 52 week a year schedule as long as it is economically feasible. Employment at Sony is at will on the part of both the employee and the employer and therefore, can be terminated anytime at the will of either party upon notice to the other ...
 
 
 13
 Sony Employee Guide at 5.
 
 
 14
 While Sony contends that Truong "admitted" during deposition testimony that he was aware of Sony's at will employment policy and knew that he could be fired at any time for any reason[1], the deposition, read as a whole, indicates that Truong understood this question to mean that there had to be a reason to fire him. Truong has denied such knowledge in all other papers submitted to the district court. In addition, the deposition indicates that due to a language difficulty Truong did not understand much of what was asked of him.
 
 
 15
 On July 16, 1991, Truong filed a complaint in San Diego County Superior Court alleging breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. On September 4, 1991 the case was removed to the United States District Court for the Southern District of California pursuant to 28 U.S.C. Secs. 1332(a), 1441. On November 8, 1991, the district court dismissed Truong's claim for intentional infliction of emotional distress and struck Truong's claim for compensatory damages[2].
 
 
 16
 On June 11, 1992, Sony moved for summary judgment claiming that plaintiff was an at will employee and therefore could not state a claim for breach of an implied contract to terminate for cause only or for breach of the covenant of good faith and fair dealing. Truong filed a response arguing that Sony's actions and policies indicated the existence of an implied contract to fire Truong for cause only.
 
 
 17
 On July 13, the district court granted defendant's motion for summary judgment. The district court held that, as a matter of law, the evidence presented by Truong did not overcome California's statutory presumption of at will employment. The district court's order and judgment were filed and entered on July 21, 1992. Truong thereafter filed a timely notice of appeal on August 20, 1992.
 
 STANDARD OF REVIEW
 
 18
 The district court's grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990); State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir.1989). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989); Judie v. Hamilton, 872 F.2d 919, 920 (9th Cir.1989).
 
 DISCUSSION
 
 19
 I. Implied Contract to Terminate for Cause Only
 
 
 20
 California Labor Code Sec. 2922[3] establishes a presumption of at-will employment if the parties have made no express oral or written agreement specifying the length of employment or the grounds for termination. Foley v. Interactive Data Corp., 47 Cal.3d 654, 677 (1988). This presumption may, however, be overcome by evidence that despite the absence of a specified term, the parties agreed that the employer's power to terminate would be limited in some way, e.g., by a requirement that termination be based only on "good cause." Id. Accordingly, the absence of an express written or oral contract term concerning termination of employment does not necessarily indicate that the employment is actually intended by the parties to be "at will" and it must be determined, as a question of fact, whether the parties acted in such a manner as to provide the necessary foundation for an implied contract. Id. Truong bears the burden of overcoming the presumption of at-will employment. Burton v. Security Pacific National Bank, 197 Cal.App.3d 972, 977 (1988).
 
 
 21
 Factors to be considered in determining whether an implied in fact contract exists are:
 
 
 22
 Foley, 47 Cal.3d at 680; Wilkerson v. Wells Fargo Bank, 212 Cal.App.3d 1217, 1225 (1989). While each factor is relevant, it is the totality of the circumstances that determines the nature and existence of the contract. Foley, 47 Cal.3d at 681. In addition, an allegation of breach of written "Termination Guidelines" implying self-imposed limitations on the employer's power to discharge at-will may be sufficient to state a cause of action for breach of an employment contract because the trier of fact can infer an agreement to limit the grounds for termination based on the employee's reasonable reliance on the company's personnel manual or policies. Id. at 681-82. However, in the absence of any written policies limiting termination or any other evidence supporting an implied in fact contract, promotions and salary increases are the natural occurrences of employment and these factors standing alone should not change the status of an at will employee to one dischargeable only for just cause. Miller v. Pepsi-Cola Bottling Co., 210 Cal.App.3d 1554, 1559 (1989); Tollefson v. Roman Catholic Bishop of San Diego, 219 Cal.App.3d 843, 856 (1990).
 
 
 23
 Appellant argues that the district court failed to consider the totality of the circumstances and placed undue influence on the Miller court determination that raises and promotions are the natural occurrences of employment and hence standing alone are insufficient to create an implied contract. Appellant further argues that there are genuine issues of material fact as to whether Sony's conduct and policies overcame the statutory presumption of at-will employment.
 
 
 24
 Appellee argues that there was no implied contract because Truong has presented insufficient evidence, as a matter of law, to overcome the presumption of at will employment. Specifically, since Sony claims that Truong "admitted" that he knew his employment was at will, the prohibited conduct set forth in the Employee Guide cannot create an implied contract. The remaining raises and promotions were merely the natural occurrences of long term employment and also were insufficient to create an implied contract. In addition, Sony argues that a finding that overcomes the presumption of at will employment in the present case is against public policy because it would eviscerate California's presumption of at will employment.
 
 
 25
 Viewing the evidence in the light most favorable to the non-movant, the district court erred in granting summary judgment in favor of Sony. Under California law, Truong has presented sufficient evidence of the four Foley factors to survive a motion for summary judgment.
 
 
 26
 Truong's fourteen years with Sony fulfills the longevity requirement in Foley. During those fourteen years, Truong received consistently good reviews and promotions. The appellate court in Miller held that if this was the sum total of a plaintiff's evidence, summary judgment was appropriate. However, Truong has presented additional evidence which takes the present case out of the ambit of the Miller decision.
 
 
 27
 Truong has also presented an employee guide which sets forth specific conduct that can lead to an employee's termination--the second Foley factor. From this evidence a jury can conclude that there was a self-imposed limitation on Sony's power to discharge at will. Foley, 47 Cal.3d at 681-82. A statement that the employment was at will in Sony's Employee Guide does not preclude the existence of an implied in fact contract as a matter of law. Wilkerson v. Wells Fargo Bank, 212 Cal.App.3d 1217, 1227-28 (1989). Rather it is one factor to be considered by the jury in resolving whether the parties had enforceable expectations concerning either the terms of employment or the grounds or manner of termination[4]. Id., 212 Cal.App.3d at 1228.
 
 
 28
 Truong also pleads acts by Sony that a reasonable trier of fact could find reflect assurances of continued employment--the third Foley factor. On four of his evaluations, Truong was recommended for "permanent status." While Sony may have intended this language to indicate that an employee had successfully completed the ninety day probationary period, a reasonable employee seeing the words "recommended for permanent status" on his evaluations could believe that he was being given an assurance of continued employment.
 
 
 29
 Sony's policies and actions, taken as a whole, raise a genuine issue of material fact as to the existence of an implied agreement by Sony not terminate plaintiff except for good cause.
 
 
 30
 This decision is not against public policy as Sony would have the court believe. Sony argues that allowing evidence such as Truong has presented would eviscerate California's presumption of at-will employment and open the flood gates of wrongful termination litigation. This argument fails for three reasons. First, the California Supreme Court rejected a similar argument in the Foley decision: "[p]ermitting proof of and reliance on implied-in-fact contract terms does not nullify the at-will rule, it merely treats such contracts in a manner in keeping with general contract law ... [and] ... [w]e see no sound reason to exempt the employment relationship from the ordinary rules of contract interpretation which permit proof of implied terms." Foley, 47 Cal.3d at 681.
 
 
 31
 Second, the court is ruling on the sufficiency of evidence to withstand a motion for summary judgment, not on the final merits of plaintiff's claim. It may well be that in determining whether an implied in fact contract actually existed, the finder of fact will consider whether the existence of such a contract would place too onerous a burden on employers. However, this consideration goes to the final merits of plaintiff's claim and not to the amount of evidence plaintiff must produce to survive a motion for summary judgment.
 
 
 32
 Finally, employers can protect themselves from any adverse effects of California law in this area by simply requiring that their employees sign at-will employment agreements; this procedure would prevent any confusion from arising if the employer intended the relationship to be terminable at any time.
 
 
 33
 Accordingly, the district court's grant of summary judgment is REVERSED.
 
 
 34
 II. Implied Covenant of Good Faith and Fair Dealing
 
 
 35
 An at-will employee cannot state a claim for breach of the implied covenant of good faith and fair dealing. Foley, 47 Cal.3d at 698 n. 39; Schneider v. TRW, Inc., 938 F.2d 986, 991 (9th Cir.1991); DeHorney v. Bank of America Nat'l Trust & Savs., 879 F.2d 459, 466 (9th Cir.1989). Since the district court held that Truong was an at-will employee, it granted summary judgment in favor of Sony on Truong's claim for breach of the implied covenant of good faith and fair dealing. Our reversal of summary judgment on Truong's breach of contract claim revives Truong's implied covenant claim. Accordingly, we reverse the district court's grant of summary judgment on the issue of whether or not there is an implied covenant of good faith and fair dealing and remand the same to the district court for further consideration.
 
 CONCLUSION
 
 36
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 37
 (1) The employee's longevity of service;
 
 
 38
 (2) The employers' personnel policies or practices;
 
 
 39
 (3) Actions or communications by the employer reflecting assurances of continued employment; and
 
 
 40
 (4) The practices of the industry in which the employee works.
 
 
 
 *
 The Honorable Harold M. Fong, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Q. Were you aware that it was Sony's policy that it could terminate your employment at any time?
 A. Yes.
 Q. For any reason?
 A. Yes.
 Q. Okay. During your employment at Sony, did anyone ever tell you anything contrary to that?
 A. Contrary? What does mean?
 Q. Opposite of that.
 A. No.
 
 
 [2]
 That ruling is not being appealed here
 
 
 [3]
 California Labor Code Sec. 2922 provides:
 An employment, having no specified term, may be terminated at the will of either party on notice to the other. Employment for a specified term means an employment for a period greater than one month.
 
 
 [4]
 An express at-will statement is dispositive if it is signed by an employee. See Dehorney v. Bank of America National Trust and Savings Association, 879 F.2d 459 (9th Cir.1989); Slivinsky v. Watkins-Johnson Co., 221 Cal.App.3d 799 (1990). However, since Truong did not sign an employment agreement containing an express at-will provision, those cases are inapplicable to the present facts