Ana MORENO, Plaintiff,

v.

LOS ANGELES CHILD CARE AND DEVELOPMENT COUNCIL, INC., a California corporation, and Does 1 through 50, inclusive, Defendants.

No. CV 96–2791–WMB.

United States District Court, C.D. California.

Jan. 22, 1997.

Philip J. Karlin, Karlin & Karlin, Los Angeles, CA, for plaintiff.

Howard Michael Knee, Gregory N. Karasik, Knee & Mason, Los Angeles, CA, for defendants.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WM. MATTHEW BYRNE, Jr., Chief Judge.

## I. INTRODUCTION

This case presents the question whether employment claims can be preempted by § 301 of the Labor–Management Relations Act (LMRA) despite the apparent lack of a collective bargaining agreement between the union and the employer.

Ana Moreno ("plaintiff") was hired by the Los Angeles Child Care and Development Council, Inc. ("defendant") in 1988 into a position represented by AFSCME Social Service Union, Local 1108 (the "union").

The terms and conditions of plaintiff's employment were then covered by a collective bargaining agreement ("CBA") that provided for, among other things, reinstatement of an employee discharged without "just and sufficient cause." That agreement expired on December 31, 1990. Negotiations in 1990 between defendant and the union for a successor contract were unsuccessful. Defendant therefore implemented the terms of a last, best, and final offer on July 1, 1991. The offer included a clause providing that "no employee shall be discharged, suspended, or disciplined without just and sufficient cause." The union's members worked under the terms of the offer until it expired on December 31, 1993. Defendant and the union then attempted to negotiate a new contract.

On April 14, 1995, defendant proposed another last, best, and final offer ("final offer") to the union. On April 28, 1995, the union informed defendant by letter that it would accept most of the terms of the contract, including a clause providing that "no employee shall be discharged suspended, or disciplined without just and sufficient cause." (Def. Ex. 3, at 68.) However, the union disagreed with defendant's characterization of the offer as last, best, or final, and instead submitted a counterproposal. On May 25, 1995, defendant unilaterally implemented the terms encompassed by its April 14 offer.

Defendant terminated plaintiff's employment effective June 21, 1995. On July 5, 1995, the union submitted a grievance on plaintiff's behalf contending that she had been terminated "without cause." Defendant did not respond until after the time designated by the implemented final offer. The union did not pursue the grievance further.[1]

Plaintiff subsequently filed suit in Superior Court in the County of Los Angeles on March 14, 1996. She alleged causes of action for wrongful discharge, breach of contract, and breach of the covenant of good faith and fair dealing. Plaintiff alleges that she was terminated in violation of the just cause provision of defendant's last, best, and final offer. (Complaint ¶¶ 6, 10.) Defendant re-

moved the case to this Court on April 19, 1996.

Defendant moves for summary judgment.

## II. STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Facts are deemed "material" if a dispute over them "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Id.* at 255–57, 106 S.Ct. at 2514. If the moving party satisfies this burden, Rule 56(e) provides:

When a motion for summary judgment is made and supported as provided for in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

## III. DISCUSSION

Section 301 of the LMRA provides that federal courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees. 29 U.S.C. § 185(a). "When evaluation of a state law tort claim is inextricably intertwined with consideration of the terms and conditions of the labor contract," the LMRA preempts the state law claims. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206

---

1. Defendant now claims that it "in fact was willing to arbitrate." (Def. Reply, at 5 n. 1.)

(1985); *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881–82, 100 L.Ed.2d 410 (1988).

### A. Whether A Labor Contract Existed

■ For section 301 preemption to attach, the labor contract need not be a formal collective bargaining agreement, but may be any "agreement between an employer and a labor organization significant to the maintenance of labor peace between them." *Carpenters Health & Welfare Trust Fund v. Tri Capital*, 25 F.3d 849, 858 (9th Cir.1994) (*quoting Retail Clerks Int'l Ass'n v. Lion Dry Goods, Inc.*, 369 U.S. 17, 28, 82 S.Ct. 541, 548, 7 L.Ed.2d 503 (1962)) (quotation marks, brackets omitted).

Defendant argues that the union expressly or impliedly agreed to the just cause termination provision of the final offer.

#### 1. Express Contract

■ "[T]he ingredients of a contract are parties, consent, consideration, and obligation." *Farrington v. Tennessee*, 95 U.S. 679, 684, 24 L.Ed. 558 (1877). Defendant claims that the union expressly consented to the just cause provision of the CBA. In its April 28, 1995 letter in response to defendant's final offer, the union declared that "we must dispute the implication of impasse.... Our counter-proposal is as follows: We accept all of the provisions of your proposed collective bargaining agreement [including the just cause provision] with the exception of [four other] points...." (Defendant's Ex. 4.) A preliminary agreement on some terms of a proposed contract does not constitute a valid independent contract. 17A Am.Jur.2d § 33 (1991 & 1996 Supp.). The union indicated its agreement only with some of the terms of defendant's proposal during the course of its negotiations with defendant. The union's assent to the just cause provision of defendant's offer, contained in its letter declining the offer as a whole, did not constitute consent sufficient to make an express contract.

#### 2. Implied Contract

■ An implied-in-fact contract is "founded on a meeting of the minds, which

... is inferred, as a fact, from conduct of the parties showing in light of the surrounding circumstances, their tacit understanding." *Baltimore & Ohio R.R. v. U.S.*, 261 U.S. 592, 597, 58 Ct.Cl. 709, 43 S.Ct. 425, 426–27, 67 L.Ed. 816 (1923). Defendant argues that the union's conduct in response to defendant's final offer indicated that the union impliedly accepted the terms of that offer.

The union engaged in no work stoppages after the unilateral implementation of the terms of the final offer, on May 25, 1995. It also filed a grievance on behalf of plaintiff and another employee on July 5, 1995 alleging both employees had been terminated without just cause.

■ A number of circuits have held that the conduct of the parties may create an agreement to continue some parts of an expired collective bargaining agreement, such as grievance and arbitration procedures. *See United Paperworkers Int'l v. Wells Badger Indus.*, 835 F.2d 701, 703–04 (7th Cir.1987); *Local 1603 v. Transue & Williams Corp.*, 879 F.2d 1388, 1392 (6th Cir.1989) ("a labor contract may fall within the parameters of Section 301 even if the employer and the union have not resolved disputes over substantive terms"). The Third Circuit has more broadly held that the continuation of work after an employer's unilateral implementation of terms can create an implied agreement between the union and the employer. "A union may (impliedly) accept a 'unilateral offer' made when an employer implements its final offer after reaching a bargaining impasse by the ordinary act of entering the employer's open doors." *Luden's Inc. v. Local Union No. 6*, 28 F.3d 347, 359 (3d Cir.1994).

The union has, *inter alia*, submitted grievances claiming that plaintiff had been terminated without just cause. Just cause termination protection was a part of the CBA concluded in 1988 and has been a feature of the contracts imposed by defendant in 1993 and 1995. The Court finds the actions of defendant and the union sufficient to conclude that an implied-in-fact labor contract

existed providing that defendant's employees could only be terminated for just cause.[2]

### B. Whether Plaintiff's State Law Claims Are Preempted By The Contract

Plaintiff's state law claims must be "substantially dependent upon analysis of a collective-bargaining agreement" to be preempted. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987). Plaintiff claims that she was terminated in violation of the just cause provision of defendant's final offer, which duplicated a provision contained in its 1993 offer, and was similar to the just cause provision contained in the 1988 CBA. (Complaint ¶¶ 6, 10.) Plaintiff's wrongful discharge and breach of employment contract causes of action thus could only be adjudicated by interpreting the "just cause" provisions of the final offer implemented by defendant and impliedly accepted by the union. A "state contract claim is preempted by § 301 if any term of the collective bargaining agreement must be interpreted to resolve" it. *DeLapp v. Continental Can Co., Inc.,* 868 F.2d 1073, 1075 (9th Cir.1989). Plaintiff's cause of action alleging breach of the implied covenant of good faith and fair dealing is also preempted. "[S]section 301 preempts the California state cause of action for breach of the implied covenant of good faith and fair dealing when an employee enjoys comparable job security under a collective bargain agreement." *Milne Employees Ass'n v. Sun Carriers,* 960 F.2d 1401, 1411 (9th Cir.1991).

### IV. CONCLUSION

Defendant's motion for summary judgment is GRANTED.

---

**2.** Plaintiff argues that the existence of an implied-in-fact contract is necessarily a question of fact. But where there is no dispute as to the underlying facts, the Court may decide the issue as a matter of law. *See Miller v. Pepsi–Cola*

*Bottling Co.,* 210 Cal.App.3d 1554, 1558, 259 Cal.Rptr. 56 (1989). As plaintiff conceded in oral argument, there is no dispute to the underlying facts in this case.