132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Edward JALAKH, Plaintiff-Appellant,
v.
GREYHOUND LINES, INC., a Delaware Corporation, Defendant-Appellee
 No. 96-56276.
 United States Court of Appeals, Ninth Circuit.
 Dec. 11, 1997.
 
 Appeal from the United States District Court for the Central District of California
 Before: HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 KENYON
 
 2
 George Edward Jalakh appeals the district court's summary judgment dismissal of his action for breach of implied-in-fact employment contract and breach of the implied covenant of good faith and fair dealing against his former employer Greyhound Lines, Inc. (GLI). We have jurisdiction, 28 U.S.C. § 1291, and we affirm
 
 
 3
 * Jalakh argues that the district court's procedures were unfair in that he was not allowed oral argument; he had only seven days to prepare an apposition to GLI's motion for summary judgment; and the court never ruled on his objections to the Styers and Borland declarations. We disagree.
 
 
 4
 First, Jalakh waived oral argument by not requesting it pursuant to the district court's pretrial guidelines. See Fernhoff v. Tahoe Reg'l Planning Agency, 803 F.2d 979, 983 (9th Cir.1986) (district courts are authorized "to provide by rule that a party desiring oral argument on a motion for summary judgment must apply therefor, in the absence of which oral argument will be deemed to have been waived"). Even if he were discouraged from doing so, as Jalakh also contends, there is no error because he has shown no prejudice. See Smith v. Retirement Fund Trust, 857 F.2d 587, 592 (9th Cir, 1988) (summary judgment will be reversed only if the plaintiff shows that he was prejudiced by the lack of oral argument).
 
 
 5
 Second, Jalakh could have moved for a continuance if he needed more time to prepare his opposition, but didn't do so. We therefore have no decision to review. So far as the record discloses, the district court merely enforced the Central District's local rules, and Jalakh complied.
 
 
 6
 Finally, the district court's failure to rule on Jalakh's objections to the Styers and Borland declarations doesn't matter because the declarations go to whether GLI had good cause to terminate Jalakh whereas the districts court held as a matter of law that Jalakh had no implied contract with GLI guaranteeing that he could only be terminated for cause. Since its decision did not turn on these declarations, the district court had no obligation to resolve Jalakh's objections.
 
 II
 
 7
 Nor does Jalakh raise a triable issue on the merits of his claim that an implied-in-fact contract precluded termination without cause. Foley v. Interactive Data Corp., 254 Cal.Rptr. 211, 223-25 (Cal.1988) (reciting factors). Jalakh concedes that industry practices are not relevant in this case, and there is no dispute that GLI's personnel policies aren't a factor one way or the other.
 
 
 8
 Jalakh contends that the fact that GLI noted "TB" (code for "for cause") as the reason for his termination shows that GLI believed that cause was necessary. But this entry shows no more than that GLI believed it had cause, not that it had to have cause. Moreover, Jalakh cannot possibly have relied upon papers that did not exist prior to his termination to transform him from an at-will employee into one who could be terminated only for cause. See Foley, 254 Cal.Rptr. at 226.
 
 
 9
 Jalakh also points to Larry Hall's assurance that "You can go as far as you can" so long as Jalakh did not steal or use drugs, yet Jalakh admitted that Hall said this in response to Jalakh's question about promotional opportunities. Jalakh also conceded that he had no conversation about reasons he might be terminated. Jalakh's declaration suggesting the contrary does not raise a genuine issue. See UA Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1473 (9th Cir.1994); Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir.1975) (holding that plaintiff's attempt to create issue of fact through inconsistent deposition testimony and affidavit statements were not genuine but instead were scam issues)
 
 
 10
 Jalakh further points to Ken Lobato's assurance before he moved to Los Angeles that, if Jalakh performed well, he would become District Manager of GLI' § Los Angeles terminal. Like Hall's statements, Lobato's relate to promotional opportunities. As such, they represent "a mere hope or expectation rather than a promise" of continuous employment. See Hillsman v. Sutter Community Hosps., 200 Cal.Rptr. 605, 609 ical. App.1984); Pugh v. See's Candies Ins., 171 Cal.Rptr. 917, 927 (Cal.App.1981) (" [O]blique language will not, standing alone, be sufficient to establish" an implied-in-fact ccntract.).
 
 
 11
 While eight years employment is not short, neither is it so long that an implied-in-fact contract arises on this account alone. The promotions and positive performance evaluations that he enjoyed during much of this time with GLI are "natural occurrences of an employee who remains with an employer for a substartial length of time" that do not rebut the presumption of at-will employment. Miller v. Pepsi--Cola Bottling Co., 259 Cal.Rptr. 56, 59 (Cal.App.1989); Tollefson v. Roman Catholic Bishop, 268 Cal.Rptr. 550, 557-58 (Call.App.1990) ("Lengthy service combined by promotions and salary increases are natural occurrences for an employee who remains with an employer for a substantial length of time and does not evince or create an implied agreement for permanent employment...."); Davis v. Consol. Freightways, 34 Cal.Rptr.2d 438, 445 (Cal.App.1994).
 
 
 12
 Accordingly, summary judgment was properly entered in GLIn's favor.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3