**John MILLER, Plaintiff—Appellant,**

v.

**UNITED PARCEL SERVICE, INC.,**
**a corporation, Defendant—**
**Appellee.**

No. 04–16781.

United States Court of Appeals,
Ninth Circuit.

Submitted July 28, 2006.*

Filed Aug. 1, 2006.

Philip Keith, Esq., Amen & Keith, Daniel M. Crawford, Esq., Law Offices of Daniel M. Crawford, San Francisco, CA, for Plaintiff–Appellant.

E. Jeffrey Grube, Paul W. Cane, Jr., Esq., M. Kirby Wilcox, Esq., Laura Monfredini, Paul Hastings Janofsky & Walker, LLP, San Francisco, CA, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN,** Senior Judge.

### MEMORANDUM ***

John Miller appeals from the district court's grant of summary judgment on his state-law age discrimination and breach of contract claims. We affirm.

■ Miller has not come forward with evidence from which it can be inferred that the internal investigation into his alleged misconduct was a pretext for discrimination. The supposed deficiencies in the investigation he posits are nothing more than disagreements with the investigation, and do not establish that it was a ruse to get rid of him on account of his age. *See Stanford Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal.App.4th 798, 807, 85 Cal.Rptr.2d 459 (1999). For that same reason, the district court properly excluded as irrelevant Rhoma Young's opinion of the investigation.

Likewise, the supposedly "different reasons" given for Miller's discharge do not give rise to an inference of pretext. The three reasons were not different reasons at all. They were merely different ways of describing the same reason. *See id.* at 815, 85 Cal.Rptr.2d 459 ("[T]he use of somewhat different language by each of the three [managers] ... [does not] take away from the consistency of the justification. It is the substance of the reason provided, not the word choice, which is critical.").

Furthermore, the offer of a severance agreement does not itself raise an inference of pretext. *See Mundy v. Household Fin. Corp.*, 885 F.2d 542, 547 (9th Cir. 1989) ("mere offer of money in exchange for a release of all claims does not by itself raise an inference that [the] articulated reasons for discharg[e] are pretextual").

Finally, Miller conceded that the so-called "ageist" comments he heard were harmless, describing them as "more of a joking thing." In any event, he could not recall who made such comments, and never suggested that the individuals involved in the investigation made them.

■ As for his contract claim, Miller failed to establish that he and UPS had a contract—express or implied—that he could only be fired for cause. *See Miller v. Pepsi–Cola Bottling Co.*, 210 Cal.App.3d 1554, 1559, 259 Cal.Rptr. 56 (1989). And even if there were such a contract, UPS established that it had cause to fire him.

**AFFIRMED.**

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.